**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THOMAS IANOZI, | |
| Appellant | No. 2310 EDA 2015 |

Appeal from the PCRA Order June 10, 2015
in the Court of Common Pleas of Montgomery County
Criminal Division at No.: CP-46-CR-0006433-2006

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                        **FILED JANUARY 29, 2016**

Appellant, Thomas Ianozi, appeals *pro se* from the order entered June 10, 2015[1] dismissing his third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  Although he admits it is untimely, Appellant claims that his petition should be considered on its merits because he challenges the legality of his sentence.  We affirm on the basis of the PCRA court opinion.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Although dated June 9, 2015, a review of the docket indicates that the order on appeal was filed on June 10, 2015.  We have amended the caption accordingly.

In its opinion, the PCRA court fully and correctly sets forth the relevant facts and procedural history of this case. Therefore we have no reason to restate them at length here.

For context and convenience of reference, we note briefly that on February 15, 2008, a jury convicted Appellant of aggravated assault, unlawful restraint, and rape. Appellant's convictions stem from an incident on July 23, 2006 where Appellant "forced [the victim] into his truck by punching her in the face and stomach and dragging her by her hair. He then took her back to his apartment, where he forcibly detained her, beat her, berated her, and raped her both vaginally and anally, during an ordeal that lasted approximately eight hours." (*See* PCRA Court Opinion, 9/29/15, at 1). The victim finally escaped and called 911 after which Appellant chased her outside and again began to beat her. (*See id.*). The assault finally stopped after police responded to the call, observed the assault, and placed Appellant under arrest. (*See id.*). On May 12, 2008,[2] Appellant was sentenced to not less than twenty-five nor more than fifty years' imprisonment. This Court affirmed the judgment of sentence on June 2, 2009 and our Supreme Court denied allowance of appeal on June 23, 2010.

_____

[2] Although the PCRA court opinion states that Appellant was sentenced on March 12, 2008, the docket entries reflect that the sentence was imposed on May 12, 2008.

*See Commonwealth v. Ianozi*, 981 A.2d 313 (Pa. Super. 2009) (unpublished memorandum), *appeal denied*, 997 A.2d 1175 (Pa. 2010).

On December 22, 2010, Appellant filed his first PCRA petition. The PCRA court appointed counsel, who, after reviewing the case, submitted a petition to withdraw in accordance with *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1998). The PCRA court granted counsel's petition to withdraw and dismissed Appellant's first PCRA petition on September 14, 2011. On December 8, 2014, Appellant filed a second PCRA petition claiming that his sentence was illegal pursuant to *Alleyne v. United States*, 133 S. Ct. 2151 (2013). The PCRA court dismissed his second PCRA petition without a hearing on December 19, 2014.

Appellant filed the instant third PCRA petition, which he refers to as a petition for writ of *habeas corpus*, on March 12, 2015. Pursuant to the court's order, the Commonwealth filed its answer and motion to dismiss the third PCRA petition on April 24, 2015. The PCRA court issued an order on May 4, 2015 providing notice to Appellant that it would dismiss his petition in twenty days. *See* Pa.R.Crim.P. 907(1). Appellant did not respond and the PCRA court dismissed his petition on June 10, 2015. This timely appeal followed.[3]

_____

[3] Although the docket entries reflect that Appellant's notice of appeal was filed July 28, 2015, his notice states that it was given to prison authorities on June 17, 2015. The notice of appeal envelope is post-marked July 7, 2015. Pursuant to the prisoner mailbox rule, an appeal is deemed to have
*(Footnote Continued Next Page)*

Appellant raises five questions on appeal.

1.   According to controlling Pennsylvania Supreme Court case law, is a claim related to the non-discretionary elements of an illegal sentence, including mandatory sentences, a matter that may "never be waived" irrespective of procedural default mechanisms?

2.   According to controlling Pennsylvania Supreme Court law, Article I. Sec[tion] 14. of the Commonwealth Constitution, and 42 Pa.C.S.[A.] § 6503[], is the writ of *habeas corpus* the appropriate avenue of redress to remedy illegal detention "if" PCRA relief is unavailable?

3.   Is it an abuse of discretion when the trial court imposes a sentence contrary to relevant statute and controlling Pennsylvania Supreme Court law?

4.   In 2005, was **Schiffler**[4] the controlling law of the Pennsylvania Supreme Court, and, did not the Superior Court in **Leverette**[5], subsequently admonish the Montgomery County Court of Common Pleas to "cease" imposing third-strike sentences without first sentencing an offender to a second-strike mandatory sentence?

5.   Is the state judicial branch possessed of an "overriding obligation to serve the cause of justice" and correct a manifest injustice irrespective of any legislatively created procedural default mechanism[s]?

(Appellant's Brief, at iv) (unnecessary capitalization and underlining omitted).

*(Footnote Continued)* ———————————

been filed on the date that the appellant deposits the appeal with prison authorities and/or places it in the prison mailbox.  **See Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997).  Therefore, pursuant to the prisoner mailbox rule, we deem Appellant's notice of appeal timely.

[4] **Commonwealth v. Schiffler**, 879 A.2d 185 (Pa. 2005).

[5] **Commonwealth v. Leverette**, 911 A.2d 998, 1004 (Pa. Super. 2006).

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Further, where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary.

*Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012), *appeal denied*, 64 A.3d 631 (Pa. 2013) (citations omitted).

It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus*. Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*.

*Commonwealth v. Taylor*, 65 A.3d 462, 465-66 (Pa. Super. 2013) (citations and footnote omitted). Additionally, as the PCRA court explained in its opinion, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." (PCRA Ct. Op., at 4) (quoting *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999)).

Here, after a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the PCRA court we conclude that the PCRA court properly dismissed Appellant's third PCRA

petition as untimely. (*See* PCRA Ct. Op., at 3-5) (concluding that: (1) PCRA court properly found Appellant's petition facially untimely because it was not filed within one year of when Appellant's judgment of sentence became final on September 23, 2010; (2) PCRA court properly found that Appellant did not plead that any one of enumerated statutory exceptions to timeliness requirement applied, moreover none of those three exceptions to PCRA time-bar would apply to his petition; and (3) PCRA court properly treated Appellant's petition for writ of *habeas corpus* as PCRA petition). Accordingly, we affirm on the basis of the PCRA court's opinion.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/29/2016

510040-16

# IN THE COURT OF COMMON PLEAS OF
## MONTGOMERY COUNTY, PENNSYLVANIA
### CRIMINAL DIVISION

COMMONWEALTH OF        :    Sup. Ct. No. 2310 EDA 2015
PENNSYLVANIA             :    Com. Pleas No. CP-46-CR-0006433-2006
                                 :
           v.                 :
                                 :
THOMAS IANOZI             :

## OPINION

Moore, J.                                                     September 29, 2015

## I.    FACTS AND PROCEDURAL HISTORY

The question presented by the instant appeal is whether this Court properly denied Thomas Ianozi's ("Petitioner") Writ for *Habeas Corpus* ("Petition") by its Order dated June 9, 2015.

On the morning of July 23, 2006, Thomas Ianozi forced Louise DeVincent into his truck by punching her in the face and stomach and dragging her by her hair. He then took her back to his apartment, where he forcibly detained her, beat her, berated her, and raped her both vaginally and anally, during an ordeal that lasted approximately eight hours. When she escaped to call 911, Petitioner chased her outside, and again began to beat her. The beating only stopped after a police officer who had been dispatched to the area to respond to an assault in progress observed Petitioner punching and kicking the victim while she lay on the ground, and then placed Petitioner under arrest.

A jury convicted Ianozi of rape, aggravated assault, and unlawful restraint. On March 12, 2008, he was sentenced to twenty-five to fifty years' imprisonment. The Pennsylvania Superior Court affirmed Petitioner's judgment of sentence by a June 2, 2009 *per curiam* memorandum



opinion.[1] Subsequently, Petitioner filed a petition for allowance of appeal with the Pennsylvania Supreme Court which that Court denied on June 23, 2010.[2]

On December 22, 2010, Ianozi filed a *pro se* petition under the Post-Conviction Relief Act[3] ("PCRA") raising various claims of ineffective assistance of counsel. After court-appointed counsel submitted a "no-merit" letter in accordance with *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988), this Court dismissed the first PCRA petition on September 13, 2011. On December 8, 2014, Ianozi filed a second PCRA petition claiming that his sentence was illegal based on *Alleyne v. United States*, 133 S. Ct. 2151 (2013), which held that any fact, other than a prior conviction, that "increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Id.* at 2155. This Court dismissed the second PCRA petition without a hearing.

On March 12, 2015, seven years after this Court imposed its judgment of sentence, Ianozi filed the instant Petition. In the Petition, Ianozi maintains that this Court erred in applying Pennsylvania's "three strikes law"[4] when it imposed the judgment of sentence. This Court ordered the Commonwealth of Pennsylvania to file a response to the Petition on April 6, 2015, which the Commonwealth duly filed on April 24, 2015. On May 1, 2015, this Court issued an Order stating that based on the Commonwealth's Answer and Motion to Dismiss, the Court would dismiss the Petition within twenty days. The Order provided Ianozi with notice that he could respond to the proposed dismissal. Petitioner did not respond to this Court's proposed dismissal, and on June 9, 2015, this Court denied Ianozi's Petition.

---

[1] *See* 2492 EDA 2008.

[2] *See* 461 MAL 2009.

[3] 42 Pa.C.S. § 9541, *et seq.*

[4] 42 Pa.C.S. § 9714(a)(2).

2

Petitioner now appeals from this Court's Order of June 9, 2015.

## II.  DISCUSSION

### A.  PETITIONER'S WRIT FOR *HABEAS CORPUS* IS, IN FACT, A PCRA PETITION

It is well-settled that any petition filed after the judgment of sentence becomes final will be treated as a petition filed pursuant to the PCRA. *Commonwealth v. Jackson*, 30 A.3d 516, 521 (Pa. Super. 2011). Further, the PCRA subsumes the remedy of *habeas corpus* where the PCRA provides a remedy for the claim. *See Commonwealth v. Turner*, 80 A.3d 754, 770 (Pa. 2013) ("The PCRA at Section 9542 subsumes the remedies of *habeas corpus* and *coram nobis*."); 42 Pa.C.S.A. § 9542 (providing that "[t]he action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*."). In his petition, Ianozi challenges the legality of his sentence. Because Ianozi filed his Petition after his judgment of sentence became final, and the PCRA provides a remedy for his claims,[5] the Petition is properly treated as a PCRA petition. *See Commonwealth v. Hackett*, 956 A.2d 978, 986 (Pa. 2008) (holding defendant's *habeas corpus* claim falls within ambit of PCRA, such that he is not entitled to *habeas corpus* relief).

### B.  THE PETITION IS TIME-BARRED

All PCRA petitions, including second or subsequent petitions, must be filed within one year of a defendant's judgment of sentence becoming final. 42 Pa.C.S. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S. 9545(b)(3). The PCRA's timeliness requirements are

---

[5] *See* 42 Pa.C.S. § 9543(a)(2)(vii) (providing that illegal sentencing claim is cognizable PCRA claim).

3

jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010). The timeliness requirement may not be altered or disregarded to reach the merits of the claims raised in a petition. *See Commonwealth v. Cappello*, 823 A.2d 936, 939 (Pa. Super. 2003).

Pennsylvania courts may consider an untimely petition where the defendant can explicitly plead and prove one of three exceptions set forth in the PCRA as follows:

(i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). Additionally, any PCRA petition invoking one of these exceptions "shall be filed within sixty days of the date the claim could have been presented." *Id.* § 9545(b)(2); *Albrecht*, 994 A.2d at 1094.

"Though not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised for the first time in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." *Commonwealth v. Seskey*, 86 A.3d 237, 241 (Pa. Super. 2014) (quoting *Commonwealth v. Slotcavage*, 939 A.2d 901, 903 (Pa. Super. 2007)) (quotation marks omitted); *see Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.").

4

Here, Ianozi's Petition is facially untimely. The Pennsylvania Supreme Court denied his petition for allowance of appeal in connection with his direct appeal on June 23, 2010. Thus, his judgment of sentence became final on September 23, 2010, when the time for filing a petition for writ of *certiorari* in the United States Supreme Court expired. *See* 42 Pa.C.S. § 9545(b)(3) (providing that for purposes of the PCRA, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania . . . ."); *see also* SUP. CT. R. 13 ("A petition for writ of *certiorari* seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when filed with the Clerk within 90 days after entry of the order denying discretionary review."). Petitioner therefore had one year, or until September 23, 2011 to file a timely PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1). The Petition before the Court was not filed until March 12, 2015, and accordingly, was facially untimely.

In his Petition, Ianozi did not plead that one of the enumerated exceptions applied to the timeliness requirement of the PCRA. Ianozi's Petition fails for this reason alone. *See Commonwealth v. Beasley*, 741 A.2d 1258, 1261 (Pa. 1999) ("The [PCRA] statute makes clear that where, as here, the petition is untimely, it is the petitioner's burden to plead in the petition and prove that one of the exceptions applies."). Moreover, it is clear that none of the three exceptions to the PCRA time-bar apply to the Petition.

Accordingly, this Court dismissed the Petition as an untimely PCRA petition.

5

## III. CONCLUSION

This Court's determinations were proper and accordingly, this Court's Order should be **AFFIRMED**.

BY THE COURT:

_____
BERNARD A. MOORE, J.

Date: September 29, 2015
Cc: Adrienne D. Jappe, Esq., Assistant District Attorney
Thomas Ianozi, *pro se*

6