COMMONWEALTH of Pennsylvania, Appellee

v.

Otis LEVERETTE, III, Appellant.

Superior Court of Pennsylvania.

Submitted Aug. 28, 2006.

Filed Nov. 17, 2006.

Bonnie-Ann B. Keagy, Norristown, for appellant.

Patricia E. Coonahan, Asst. Dist. Atty., Norristown, for Com., appellee.

BEFORE: LALLY–GREEN, GANTMAN and POPOVICH, JJ.

OPINION BY POPOVICH, J.:

¶ 1 Appellant Otis Leverette, III, appeals from the judgment of sentence entered on April 2, 2004, in the Court of Common Pleas, Montgomery County, sen-

tencing him to twenty-five to fifty years in a state correctional institution. Upon review, we vacate the judgment of sentence and remand this matter to the trial court for resentencing consistent with this opinion. Additionally, we dismiss without prejudice Appellant's claim of ineffective assistance of counsel to be raised on collateral review.

¶ 2 The trial court aptly stated the facts as follows:

On May 22, 2003, Kathryn Webre was seated in her automobile in the parking lot of a shopping mall in Ardmore, when [Appellant] reached into the open window, unlocked the door, grabbed her by her shoulders, pushed her flat onto the passenger seat, and began punching her in the face because she would not let him have her purse. Webre's screams for help attracted the attention of numerous eyewitnesses.

[Appellant] eventually got the purse, leaving Webre with a bloody nose, a bloody lip and a broken tooth. In addition, while [Appellant] was pushing Webre onto the seat, her back was jammed against the stick shift and emergency brake levers, and as a result she was still experiencing pain in her lower back at the time of trial, over six months after the assault. Before, during and after the assault and robbery, Webre had ample opportunity to observe her assailant at close range, and she identified him without hesitation or uncertainty at trial.

Two eyewitnesses saw [Appellant] make at least four or five striking motions during the assault and robbery, while another saw him "continually" striking for a period of ten to twenty seconds. One of the witnesses described [Appellant] as "pounding force-fully" while another used the terms "viciously" and "brutally." Another witness described his motions as "pummeling" and noted that Webre's car was bouncing violently during the assault. According to a fourth witness, "his fist was coming up repeatedly, coming down around her head area. The blows were not stopping. It was very violent." That witness also stated that [Appellant's] attack was so forceful that the car was shaking.

After [Appellant] took the purse, he fled from the scene in a borrowed automobile. He led police on a high speed pursuit before he was stopped several miles away. In his possession were the pocketbook and several other items that belonged to Webre.

At [A]ppellant's sentencing hearing, the Commonwealth introduced the testimony of Michael Gilbert. Gilbert testified that in 1992, he was a police officer in Lower Merion Township, and that he was present when [A]ppellant was sentenced for the crimes of robbery, kidnapping and terroristic threats. The sentences involved crimes committed against two different victims, in two different incidents, on two different days, in the very same parking lot in which he committed the 2003 crime. Gilbert testified that he talked to [A]ppellant at the time of the 1992 crimes, and he identified [A]ppellant as the same man who was sentenced for those crimes. The Commonwealth also introduced a certified copy of the conviction[s] in the 1992 case[s].

Trial court opinion, 2/21/06, 1–3.

¶ 3 As a result of the above incident, Appellant was convicted of robbery,[1] aggravated assault,[2] simple assault,[3] and

---

**1.**  18 Pa.C.S.A. § 3701.

**2.**  18 Pa.C.S.A. § 2702.

**3.**  18 Pa.C.S.A. § 2701.

theft of movable property.[4] On April 2, 2004, following a bench trial, Appellant was sentenced to twenty-five to fifty years in a state correctional institution. Appellant filed a notice of appeal on April 29, 2004. Appellant was ordered to file a 1925(b) statement; he complied. In response, the trial court issued a 1925(a) opinion on June 9, 2004. On September 7, 2004, Appellant's appeal was dismissed for failure of counsel to file a brief. On June 27, 2005, Appellant filed a *pro se* PCRA petition requesting leave to appeal *nunc pro tunc*. On July 6, 2005, Bonnie–Ann Brill Keagy, Esquire, was appointed to represent Appellant as PCRA counsel. On December 4, 2005, the trial court granted Appellant leave to appeal *nunc pro tunc* and Appellant's motion for appointment of counsel. On December 5, 2005, Attorney Keagy filed a petition for leave to withdraw stating that she has fulfilled her duties as PCRA counsel. Attorney Keagy was granted leave to withdraw as PCRA counsel on that same day.[5] However, on December 6, 2005, Attorney Keagy was appointed to represent Appellant in his direct appeal to this Court. Appellant filed a notice of appeal on January 3, 2006. On January 9, 2006, the trial court ordered Appellant to file a 1925(b) statement within thirty days of this order. On February 3, 2006, Appellant filed a timely 1925(b) statement.

¶ 4 Appellant presents two issues for our review:

I. Did the trial court err in sentencing Appellant to concurrent terms of imprisonment of twenty-five to fifty years on count one of 3819.1–03 and count two of 3819–03 in that the trial court used the mandatory sen-

tencing provisions of 42 Pa.C.S.A. 9714?

II. Was trial counsel ineffective for failing to raise mitigating issues with the trial court prior to sentencing, specifically Appellant's prior drug history and state of mind at the time the crimes were committed?

Appellant's brief, at 4.

■ ¶ 5 Appellant's first argument is that the trial court erred in sentencing him to concurrent terms of imprisonment of twenty-five to fifty years. Specifically, Appellant alleges that he should not have been treated as a third-time offender pursuant to the mandatory sentencing provisions contained in 42 Pa.C.S.A. § 9714(a)(2). The issue of the proper interpretation of the mandatory minimum sentencing provisions of 42 Pa.C.S.A. § 9714, the statute at issue in this case, has been held to implicate the legality of the sentence imposed. *Commonwealth v. Ausberry*, 891 A.2d 752, 754 (Pa.Super.2006) (citation omitted). A "defendant or the Commonwealth may appeal as of right the legality of the sentence." *Ausberry*, 891 A.2d at 754; *see also* 42 Pa. C.S.A. § 9781(a).

■ ¶ 6 The scope and standard of review applied to determine the legality of a sentence are well established. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. *Commonwealth v. Johnson*, 2006 PA Super 265, ¶ 15, 910 A.2d 60, 66, 2006 WL 2729492. An illegal sentence must be vacated. *Johnson*, 2006 PA Super 265, at ¶ 15, 910 A.2d at 66. In evaluating a trial court's application of a

---

4. 18 Pa.C.S.A. § 3921.

5. This order is mistakenly dated December 5, 2004; however, the docket reflects that it was

filed on December 8, 2005. Therefore, we assume that the year of the date of the order should read 2005, and not 2004.

statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law. *Id.,* 2006 PA Super 265 at ¶ 15, at 66.

¶ 7 This statute is stated, in pertinent part, as follows:

**§ 9714. Sentences for second and subsequent offenses**

(a) MANDATORY SENTENCE.—

    (1) Any person who is convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. Upon a second conviction for a crime of violence, the court shall give the person oral and written notice of the penalties under this section for a third conviction for a crime of violence. Failure to provide such notice shall not render the offender ineligible to be sentenced under paragraph (2).

    (2) Where the person had at the time of the commission of the current offense previously been convicted of two or more such crimes of violence arising from separate criminal transactions, the person shall be sentenced to a minimum sentence of at least 25 years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. Proof that the offender received notice of or otherwise knew or should have known of the penalties under this paragraph shall not be required. Upon conviction for a third or subsequent crime of violence the court may, if it determines that 25 years of total confinement is insufficient to protect the public safety, sentence the offender to life imprisonment without parole.

42 Pa.C.S.A. § 9714.

¶ 8 Appellant states that he was sentenced as part of a guilty plea in 1993 for two similar incidents that occurred on sequential days at the same location. Further, the sentencing for both incidents occurred on the same day under the same docket number. Therefore, Appellant claims that the prior offenses are not separate predicate incidents required by 42 Pa.C.S.A. § 9714(a)(2) to support the imposition of the mandatory sentencing guidelines. Further, Appellant cites to *Commonwealth v. Shiffler,* 583 Pa. 478, 879 A.2d 185 (2005), to support his contention that for a prior conviction to serve as an enhancement pursuant to § 9714, the conviction must precede the commission of the later offense. Additionally, Appellant claims that he did not have the opportunity to reform himself between convictions as is required by our Supreme Court in *Shiffler.*

¶ 9 In *Shiffler,* the appellant was charged with, *inter alia,* burglary for an incident that occurred on December 26, 2001. *Id.,* at 480, 879 A.2d at 186. The appellant entered an open guilty plea on June 25, 2002, and the Commonwealth filed its notice of intent to seek mandatory sentencing as a result of three prior burglary charges. *Id.,* at 481, 879 A.2d at 187. These charges stemmed from a burglary committed on October 5, 1996, and two separate burglaries both committed on February 16, 1997. *Id.,* at 482, 879 A.2d at 187. The appellant pleaded guilty to each of the three prior burglary charges on May 12, 1997, and was sentenced to three

terms of eleven and one-half to twenty-three months of imprisonment, to run concurrently. *Id.,* at 482, 879 A.2d at 187 n. 5. The appellant alleged that it would be absurd to construe 42 Pa.C.S.A. § 9714(a)(2) as intending that he be treated as a third-time offender because he had never been sentenced as a second-time offender under subsection (a)(1). *Id.,* at 492, 879 A.2d at 194.

¶ 10 In response to the appellant's argument, our Supreme Court stated:

> The anomaly of appellant's situation is thus: while he has not ever been—nor could he have been—sentenced as a second-strike offender, a reflexive application of subsection 9714(a)(2) would subject him to sentencing as a third-strike offender. The unreasonableness of that result is made more apparent when considering the disparity between the sentence appellant received upon his first sentencing contact with the criminal justice system—an aggregate term of 11 1/2 to 23 months of imprisonment in a county facility—and that which the Superior Court panel majority deemed statutorily required upon this, his second sentencing contact with the system—a minimum term of 25 years of imprisonment. We do not believe that such a result was intended by the General Assembly in adopting the graduated scheme of recidivist sentencing which is reflected in Section 9714.

*Shiffler,* at 493, 879 A.2d at 194. Further, our Supreme Court addressed the appellant's argument regarding the recidivist philosophy as follows:

> As to the recidivist philosophy, this and other Pennsylvania appellate courts have repeatedly recognized that, "the point of sentence enhancement is to punish more severely offenders who have persevered in criminal activity despite the theoretically beneficial effects of penal discipline." Particularly salient here is the implicit link between enhanced punishment and behavioral reform, and the notion that the former should correspondingly increase along with a defendant's foregone opportunities for the latter. Any other conception would ignore the rationale underlying the recidivist philosophy, *i.e.,* that the most culpable defendant is "one, who after being reproved, 'still hardeneth his neck'." Just as the second-time offender enhancement under subsection (a)(1) is meant to punish a defendant more severely when that defendant has offended before and has been afforded an opportunity to reform, so too is the third-time offender enhancement under subsection (a)(2), which increases the minimum punishment to twenty-five years, obviously meant to punish a defendant more severely when he has already foregone two opportunities to reform himself. The generally recognized purpose of such graduated sentencing laws is to punish offenses more severely when the defendant has exhibited an unwillingness to reform his miscreant ways and to conform his life according to the law.

*Shiffler,* at 494, 879 A.2d at 195 (citations omitted).

¶ 11 Although Appellant's behavior may warrant the imposition of the three-strikes law, we are bound by our Supreme Court's opinion in *Shiffler* that the underlying legislative purpose of Pennsylvania's three-strikes law is to punish multiple offenders consistently with the recidivist philosophy. *Id.,* at 496, 879 A.2d at 196. The facts of this case are similar to those in *Shiffler,* in that Appellant was not sentenced as a second-time offender pursuant to 42 Pa.C.S.A. § 9714(a)(1) before the trial court imposed a penalty pursuant to the third-time offender provision of 42 Pa.C.S.A.

§ 9714(a)(2). Further, Appellant was not given an opportunity to reform pursuant to the recidivist philosophy between his first and second convictions for robbery, kidnapping, and terroristic threats. Therefore, Appellant is considered a second-time offender pursuant to 42 Pa. C.S.A. § 9714(a)(1). Accordingly, we find that the trial court erred in sentencing Appellant as a third-time offender pursuant to 42 Pa.C.S.A. § 9714(a)(2), and, consequently, we are constrained to vacate his illegal sentence. Therefore, we remand this matter to the trial court for resentencing consistent with 42 Pa.C.S.A. § 9714(a)(1).

¶ 12 Appellant's second argument is that trial counsel was ineffective for failing to raise mitigating issues with the trial court prior to sentencing, specifically Appellant's prior drug history and state of mind at the time the crimes were committed. For the reasons that follow, we dismiss Appellant's ineffectiveness claim without prejudice to raise it on collateral review. Our well-stated policy regarding ineffectiveness of trial counsel claims raised on direct appeal is as follows:

> In *Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (Pa.2002), the Pennsylvania Supreme Court stated that "as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review." Underlying this rule is the Supreme Court's observation that "time is necessary for a petitioner to discover and fully develop claims related to trial counsel ineffectiveness." Thus, "the record may not be sufficiently developed on direct appeal to permit adequate review of ineffectiveness claims[.]" Because appellate courts do not normally consider issues that were not raised and developed in the court below, the *Grant* court reasoned that "deferring review of trial counsel ineffectiveness claims until the collateral review stage of the proceedings offers a petitioner the best avenue to effect his Sixth Amendment right to counsel."
>
> In *Grant*, however, the Supreme Court acknowledged that under limited circumstances, the Court could create exceptions and review certain claims of ineffectiveness on direct appeal. In *Commonwealth v. Bomar*, 573 Pa. 426, 826 A.2d 831, 853 (Pa.2003), the Pennsylvania Supreme Court held that the rule announced in *Grant* did not apply where the trial court conducted an evidentiary hearing and addressed the ineffectiveness claims in its opinion. The Supreme Court later clarified this exception, stating that, for ineffectiveness issues to be addressed on direct appeal, there must be a record developed that is "devoted solely to the ineffectiveness claims."

*Commonwealth v. Davis*, 894 A.2d 151, 153 (Pa.Super.2006) (citations omitted).

¶ 13 Appellant did not raise his claim of ineffectiveness of trial counsel in a post-sentence motion, no evidentiary hearing was held on the claim, and no record has been developed addressing this claim. Accordingly, we decline to address Appellant's claim of ineffectiveness of trial counsel on the merits. *Davis*, 894 A.2d at 153. Therefore, we dismiss Appellant's ineffectiveness claim without prejudice to raise it on collateral review.

¶ 14 In conclusion, we vacate the judgment of sentence and remand this matter to the trial court for resentencing consistent with 42 Pa.C.S.A. § 9714(a)(1). Additionally, we dismiss Appellant's claim of ineffective assistance of trial counsel without prejudice to be raised on collateral review.

¶ 15 Judgment of sentence vacated. Case remanded. Ineffectiveness claim dis-

missed without prejudice. Jurisdiction relinquished.