J-S58043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL ERVIN VALENTIN | |
| Appellant | No. 2118 MDA 2015 |

Appeal from the Judgment of Sentence November 2, 2015
In the Court of Common Pleas of Northumberland County
Criminal Division at No(s): CP-49-CR-0000969-2014

BEFORE:  GANTMAN, P.J., BOWES, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                 **FILED OCTOBER 12, 2016**

Appellant, Michael Ervin Valentin, appeals from the judgment of sentence entered in the Northumberland County Court of Common Pleas, following his jury trial conviction of retail theft.[1]  We affirm.

The relevant facts and procedural history of this case are as follows. Appellant, who was an employee at a Walmart in Coal Township, Pennsylvania, scanned his employee discount card at a self-checkout station before his mother and stepfather purchased a carpet steam cleaner on June 17, 2014.  The steam cleaner UPC code had been switched with a less expensive floor cleaner UPC code, for a difference in price of $150.00.  The

_____

[1] 18 Pa.C.S.A. § 3929(a)(1).

_____

*Retired Senior Judge assigned to the Superior Court.

transaction caused an alert to be sent to the store's asset protection team. The same day, Robert Figard, the Walmart asset protection manager in that store, reviewed security tapes of the suspicious transaction. Mr. Figard then examined video of all purchases Appellant had made in the preceding 30 days and discovered Appellant habitually "under-rung," or failed to scan, certain items at the self-checkout. Based on Mr. Figard's analysis of the tapes, he estimated Appellant had stolen at least $275.78 worth of merchandise by switching price tags and under-ringing certain items on several different occasions.

On September 4, 2014, the Commonwealth charged Appellant with one count of retail theft. The court appointed counsel, and on October 30, 2014, Appellant filed a motion for writ of *habeas corpus*. Following a hearing, the court denied the motion on January 8, 2015. Appellant proceeded to a jury trial and was convicted on August 20, 2015. The court ordered a pre-sentence investigation report and sentenced Appellant on November 2, 2015, to 24 months' probation, plus costs and fines. At sentencing, Appellant requested new counsel on appeal, as trial counsel had also represented Appellant's mother on her separate shoplifting charges stemming from the June 17, 2014 incident. The court granted counsel's motion to withdraw and appointed new counsel on November 6, 2015. Appellant timely filed a notice of appeal on December 2, 2015. The court ordered Appellant on December 14, 2015, to file a concise statement of

errors pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied the same day.

Appellant raises two issues for our review:

> DID THE COMMONWEALTH PRESENT SUFFICIENT EVIDENCE TO PROVE [APPELLANT'S] GUILT FOR RETAIL THEFT, [18 Pa.C.S.A.] § 3929(A)(1)?
>
> WAS [APPELLANT'S] RIGHT TO EFFECTIVE REPRESENTATION DENIED BY HIS TRIAL COUNSEL'S JOINT REPRESENTATION OF HIM AND HIS ALLEGED ACCOMPLICE?

(Appellant's Brief at 6).

In his first issue, Appellant argues 18 Pa.C.S.A. § 3929(a)(1) pertains only to retail theft defendants who take items from a store without paying for them. Appellant contends his actions fall instead within the ambit of either 18 Pa.C.S.A. § 3929(a)(2), which involves altering or tampering with a price tag, or 18 Pa.C.S.A. § 3929(a)(4), which addresses specifically under-ringing merchandise. Appellant maintains the Commonwealth would have been able to prove "altering" per 18 Pa.C.S.A. § 3929(a)(2) or "under-ringing" per 18 Pa.C.S.A. § 3929(a)(4), but failed to present sufficient evidence to show an outright "taking" per 18 Pa.C.S.A. § 3929(a)(1). Appellant concludes this Court must vacate his conviction. We disagree.

As a preliminary matter, "to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a Statement of [Errors] Complained of on Appeal pursuant to [Rule] 1925. [As a general rule, a]ny issues not raised in a [Rule] 1925(b) statement will

be deemed waived." ***Commonwealth v. Castillo***, 585 Pa. 395, 403, 888 A.2d 775, 780 (2005) (quoting ***Commonwealth v. Lord***, 553 Pa. 415, 420, 719 A.2d 306, 309 (1998)). "If [an appellant] wants to preserve a claim that the evidence was insufficient, then the [Rule] 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient." ***Commonwealth v. Manley***, 985 A.2d 256, 262 (Pa.Super. 2009), *appeal denied*, 606 Pa. 671, 996 A.2d 491 (2010).

Instantly, Appellant's Rule 1925(b) statement generically asserts, "[t]he verdict was against the sufficiency of the evidence." (***See*** Appellant's Rule 1925(b) Statement, filed 12/14/15, at 1). Appellant's Rule 1925(b) statement fails to preserve his specific sufficiency claim that the Commonwealth erroneously prosecuted him under 18 Pa.C.S.A. § 3929(a)(1). Consequently, Appellant waived this claim on appeal. ***See Castillo, supra***; ***Lord, supra***; ***Manley, supra***.

Moreover, Appellant would not be entitled to relief even if he had properly preserved his issue for appeal. With respect to a sufficiency claim:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter

of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super. 2005)

(quoting *Commonwealth v. Bullick*, 830 A.2d 998, 1000 (Pa.Super.

2003)).

The Crimes Code defines the offense of retail theft in relevant part as follows:

**§ 3929. Retail theft**

**(a) Offense defined.—**A person is guilty of a retail theft if he:

(1) takes possession of, carries away, transfers or causes to be carried away or transferred, any merchandise displayed, held, stored or offered for sale by any store or other retail mercantile establishment with the intention of depriving the merchant of the possession, use or benefit of such merchandise without paying the full retail value thereof;

(2) alters, transfers or removes any label, price tag marking, indicia of value or any other markings which aid in determining value affixed to any merchandise displayed, held, stored or offered for sale in a store or other retail mercantile establishment and attempts to purchase such merchandise personally or in consort with another at less than the full retail value with the intention of depriving the merchant of the full retail value of such merchandise;

\* \* \*

> (4) under-rings with the intention of depriving the merchant of the full retail value of the merchandise.

\* \* \*

18 Pa.C.S.A. § 3929(a)(1-2, 4).  The Crimes Code also makes clear:

> **§ 3902.  Consolidation of theft offenses.**
>
> Conduct denominated theft in this chapter constitutes a single offense.  An accusation of theft may be supported by evidence that it was committed in any manner that would be theft under this chapter, notwithstanding the specification of a different manner in the complaint or indictment, subject only to the power of the court to ensure fair trial by granting a continuance or other appropriate relief where the conduct of the defense would be prejudiced by lack of fair notice or by surprise.

18 Pa.C.S.A. § 3902.  Thus, the concept of "theft" embraces all of the various forms of a taking of something without a claim of right, as long as the charging documents state facts to justify the conclusion that the person charged committed a theft.  ***See, e.g., Commonwealth v. Lewis***, 445 A.2d 798, 800 (Pa.Super. 1982) (stating: "This statute means that a specific charge of theft will permit evidence showing another type of theft; provided only, that the defendant must be given adequate opportunity to respond so that he…will not be prejudiced or surprised").

Instantly, the trial court addressed the general sufficiency of the evidence in Appellant's case, and stated:

> At trial, there was extensive testimony by Robert Figard, Walmart's Asset Protection Manager, as to [Appellant's] transactions at the register; whereby [Appellant] would

use [self-checkout] machines to scan some of his purchases, but not others. Additionally, the Commonwealth showed a number of videos [that] recorded [Appellant's] transactions as to his covert attempts not to scan [merchandise] on May 16th, 22nd, 25th, 28th, June 3rd, 4th, 6th, and 17th of 2014.

(Trial Court Opinion, filed January 15, 2016, at 2). Thus, the evidence at trial was sufficient to show Appellant was guilty of subsection (a)(1) as well as subsections (a)(2) and (a)(4). Therefore, we conclude Appellant's claim would merit no relief even if he had properly preserved it.

In his second issue, Appellant acknowledges that allegations of ineffective assistance of counsel must be deferred to collateral review. Appellant argues, however, this Court has discretion to consider ineffectiveness claims raised on direct appeal where trial counsel's ineffectiveness is apparent from the record and addressing such claims would best serve the interests of justice. Appellant contends this Court should review his claim, as his trial counsel rendered ineffective assistance by representing both Appellant and Appellant's mother in a separate case. Appellant avers his mother was charged also with retail theft following the incident at Walmart on June 17, 2014. Appellant maintains counsel's representation of Appellant's mother in her theft case, which resulted in her entry into an ARD program, prejudiced Appellant's defense by preventing him from attributing fault to his mother. Appellant concludes he is entitled to a new trial, given counsel's ineffectiveness. We decline to address this claim.

Ineffective assistance of counsel claims are generally reserved for collateral review. ***Commonwealth v. Grant***, 572 Pa. 48, 813 A.2d 726 (2002). Ineffectiveness claims may be raised on direct appeal only if: (1) the appellant raised his claim(s) in a post-sentence motion; (2) an evidentiary hearing was held on the claim(s); and (3) a record devoted to the claim(s) has been developed. ***Commonwealth v. Leverette***, 911 A.2d 998, 1004 (Pa.Super. 2006).

The Pennsylvania Supreme Court recognizes two exceptions to the ***Grant*** rule, both of which fall within the discretion of the trial court.

> First, we appreciate that there may be extraordinary circumstances where a discrete claim (or claims) of trial counsel ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice; and we hold that trial courts retain their discretion to entertain such claims.
>
> Second, with respect to other cases and claims…where the defendant seeks to litigate multiple or prolix claims of counsel ineffectiveness, including non-record-based claims, on post-verdict motions and direct appeal, we repose discretion in the trial courts to entertain such claims, but only if (1) there is good cause shown, and (2) the unitary review so indulged is preceded by the defendant's knowing and express waiver of his entitlement to seek PCRA review from his conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial petition restrictions of the PCRA.

***Commonwealth v. Holmes***, 621 Pa. 595, 598-99, 79 A.3d 562, 563-64 (2013) (internal citations and footnotes omitted).

> As the law currently stands, a valid waiver of PCRA review is a prerequisite to appellate review of ineffectiveness

claims on direct appeal. Because our Supreme Court and this Court *en banc* have instructed that ineffectiveness claims are generally not reviewable on direct appeal, before reviewing such a claim on direct appeal it is incumbent upon this Court to determine whether a defendant expressly, knowingly and voluntarily waived his or her right to PCRA review.

***Commonwealth v. Baker***, 72 A.3d 652, 665 (Pa.Super. 2013).

Instantly, Appellant failed to raise his ineffectiveness claim in a post-sentence motion, and the court did not hold an evidentiary hearing to address the issue. ***See Grant, supra***; ***Leverette, supra***. Likewise, there is nothing in the record to indicate Appellant waived his right to raise an ineffectiveness claim in a timely filed petition pursuant to the Post Conviction Relief Act, at 42 Pa.C.S.A. §§ 9541-9546. ***See Holmes, supra***; ***Baker, supra***. Therefore, we decline to review on direct appeal Appellant's allegation that his trial counsel was ineffective and dismiss his ineffectiveness claim without prejudice to his right to raise it in a timely petition for collateral review. ***See Grant, supra***. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judge Platt joins this memorandum.

Judge Bowes concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/12/2016</u>