**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TERRENCE HOWARD | |
| Appellant | No. 88 WDA 2016 |

Appeal from the Judgment of Sentence December 9, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0005895-2014

BEFORE:  OLSON, SOLANO and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED JANUARY 31, 2017**

Appellant, Terrence Howard, appeals from the judgment of sentence entered on December 9, 2015.  We vacate Appellant's judgment of sentence and remand for resentencing.

On January 6, 2015, Appellant pleaded guilty to one count of unlawful contact with a minor, graded as a felony of the third degree.[1]  That same day, the trial court sentenced Appellant to serve a term of 11 ½ to 23 months in jail, followed by a term of five years of probation.  N.T. Guilty Plea and Sentencing, 1/6/15, at 2 and 4-5.

On December 9, 2015, Appellant appeared before the trial court for a probation revocation hearing.  That day, the trial court found Appellant in

_____

[1] 18 Pa.C.S.A. § 6318(a)(1).

_____

* Retired Senior Judge assigned to the Superior Court.

violation of his probation. The trial court then revoked Appellant's probation and resentenced Appellant to serve a term of three to six years in prison, followed by five years of probation, for the unlawful contact with a minor conviction. N.T. Probation Revocation Hearing, 12/9/15, at 10. The trial court did not credit Appellant with time served for his original sentence. *Id.*

Appellant filed a timely notice of appeal from his judgment of sentence and now raises three claims on appeal:

> [1.] Whether the revocation sentence imposed by the trial court . . . is illegal in that it exceeds the maximum sentence allowable by law?
>
> [2.] Whether the revocation sentence imposed by the trial court . . . is manifestly excessive, unreasonable, and an abuse of discretion where the trial court failed to consider the personal history, character[,] and rehabilitative needs of [Appellant] as required by 42 Pa.C.S.A. § 9721(b)?
>
> [3.] Whether the trial court considered, focused on and/or discussed impermissible factors and/or information not of record prior to sentencing [Appellant]?

Appellant's Brief at 7.

Appellant first claims that his sentence is illegal, as it exceeds the statutory maximum term of incarceration. *Id.* The Commonwealth concedes that Appellant's sentence is, in fact, illegal. Commonwealth's Brief at 7-8. We agree with Appellant and the Commonwealth. We thus vacate Appellant's judgment of sentence and remand for resentencing.

Our Supreme Court has held that "the scope of review in an appeal following a sentence imposed after probation revocation is limited to the

validity of the revocation proceedings and the legality of the sentence imposed following revocation." ***Commonwealth v. Infante***, 888 A.2d 783, 790 (Pa. 2005). We note that "challenges to an illegal sentence can never be waived and may be raised *sua sponte* by this Court." ***Commonwealth v. Tanner***, 61 A.3d 1043, 1046 (Pa. Super. 2013) (internal quotations and citations omitted). "Issues relating to the legality of a sentence are reviewed *de novo*, and our scope of review is plenary." ***Commonwealth v. McKown***, 79 A.3d 678, 691 (Pa. Super. 2013). Moreover, "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." ***Commonwealth v. Leverette***, 911 A.2d 998, 1001-1002 (Pa. Super. 2006).

When a defendant receives a split sentence, the cumulative amount of incarceration and probation may not exceed the statutory maximum. ***See*** 42 Pa.C.S.A. § 9754(a) ("[i]n imposing an order of probation the court shall specify . . . the length of any term during which the defendant is to be supervised, which term may not exceed the maximum term for which the defendant could be confined"); ***see also*** 42 Pa.C.S.A. § 9756. For example, "where the maximum [sentence] is ten years, a defendant cannot receive a term of incarceration of three to six years followed by five years [of] probation" – the cumulative potential sentence of six years' incarceration plus five years' probation would be in excess of the statutory maximum term of ten years. ***Commonwealth v. Crump***, 995 A.2d 1280, 1284 (Pa. Super. 2010).

- 3 -

In the case at bar, Appellant was convicted of one count of unlawful contact with a minor, graded as a felony of the third degree. The statutory maximum penalty for a third-degree felony is seven years' imprisonment. 18 Pa.C.S.A. § 1103(3). Appellant's sentence of three to six years in prison, followed by five years of probation, for the one count of unlawful contact with a minor, thus exceeds the statutory maximum penalty for the crime and is illegal. *See* 42 Pa.C.S.A. § 9754(a); *Crump*, 995 A.2d at 1284. We therefore vacate Appellant's judgment of sentence and remand for resentencing.[2]

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/31/2017

---

[2] Given our disposition, Appellant's remaining discretionary aspects of sentencing claims are moot.

- 4 -