J-S74045-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL P. KALINOSKI, | : | |
| | : | No. 1944 EDA 2017 |
| Appellant | | |

Appeal from the Judgment of Sentence May 12, 2017
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0000200-2015,
CP-48-CR-0000201-2015

BEFORE:  BOWES, J., LAZARUS, J., and RANSOM, J.

MEMORANDUM BY RANSOM, J.:                    **FILED FEBRUARY 12, 2018**

Appellant, Michael P. Kalinoski, appeals from the judgment of sentence, imposed May 12, 2017, following a guilty plea resulting in his conviction for access device fraud and bad checks.[1]  After careful review, we vacate the judgment of sentence with respect to bad checks.  The remainder of the sentence is affirmed.

The following procedural history is garnered from the record.  In April 2015, Appellant was sentenced to thirty days to sixty days of incarceration followed by thirty-six months of probation on the access device fraud conviction, which was graded as a first-degree misdemeanor.  On the bad checks conviction, graded as a third-degree misdemeanor, Appellant was

---

[1] 18 Pa.C.S §§ 4106(a)(1)(ii) and 4105(a)(1), respectively.

sentenced to twelve months of probation. In February 2016, a petition for review of parole/probation was filed, and a *Gagnon I* hearing was held, wherein the court ordered strict compliance and a psychiatric evaluation. In June 2016, a second petition for review of parole/probation was filed. Appellant applied for admission to the Northampton County Mental Health Court, and his application was denied in May 2017. On May 12, 2017, a *Gagnon II* hearing was held. That same day, the trial court revoked Appellant's probation and resentenced Appellant to twelve to thirty-six months in a state correctional institution on the access device fraud conviction and twelve to thirty-six months in a state correctional institution on the bad checks conviction with the sentences to run concurrently. Appellant was deemed RRRI eligible and had served 318 days in Northampton Count Prison as of the date of the resentencing.

Appellant timely filed a motion for reconsideration of sentence, which was denied. Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued an opinion.

Appellant presents the following question for our review:

> 1. Was the trial court's probation violation re-sentence of Appellant on the offense of bad checks, a third-degree misdemeanor, an illegal sentence where the trial court imposed a sentence of one to three years?

Appellant's Brief at 4 (some formatting added).[2]

In Appellant's sole claim, he argues that the trial court illegally imposed a sentence of twelve to thirty-six months of incarceration for bad checks, a third-degree misdemeanor offense with a statutory maximum sentence term of one year. Appellant's Brief at 9. We agree.[3]

Appellant's timely raised challenge relates to the legality of his sentence and cannot be waived. *McKibben*, 977 A.2d at 1191.

> The scope and standard of review applied to determine the legality of a sentence are well established. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law.

*Commonwealth v. Leverette*, 911 A.2d 998, 1001–02 (Pa. Super. 2006) (citations omitted). A person who has been convicted of a misdemeanor may be sentenced to imprisonment for a definite term which shall be not more than one year in the case of a misdemeanor of the third degree. 18 Pa.S.C. § 1104(3).

---

[2] This claim was not raised in Appellant's statement of matters complained of on appeal. *See* Appellant's Brief at 4. Nevertheless this claim is appealable as of right and is generally non-waivable. *Commonwealth v. McKibben*, 977 A.2d 1188, 1191 (Pa. Super. 2009); 42 Pa.S.C. § 9781(a).

[3] The Commonwealth concedes this portion of Appellant's sentence is illegal. Letter from Rebecca J.Kulik, Assistant District Attorney, to Joseph D. Seletyn, Superior Court Prothonotary, 10/3/2017.

Here, the trial court imposed a sentence for bad checks that was not authorized by statute. Appellant's one to three year sentence is beyond the statutory maximum authorized by 18 Pa.S.C. § 1104(3). Accordingly, this portion of Appellant's sentence is illegal. **Leverette**, 911 A.2d at 1001–02. We therefore vacate the judgment of sentence with respect to bad checks.[4]

Judgment of sentence vacated in part and affirmed in part. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/12/18

---

[4] The sentence imposed for access device fraud is lawful and shall remain undisturbed. We note that the court imposed concurrent periods of incarceration for access device fraud and bad checks. Therefore, our disposition does not upset the court's sentencing scheme, and no remand is necessary. **Commonwealth v. Robinson**, 817 A.2d 1153, 1163 n.14 (Pa. Super. 2003).