J-S07030-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| EDWARD DONAHUE | : | |
| | : | |
| Appellant | : | No. 253 EDA 2019 |

Appeal from the Judgment of Sentence Entered March 4, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0000667-2014

BEFORE:   NICHOLS, J., KING, J., and STRASSBURGER, J.[*]

MEMORANDUM BY KING, J.:                    Filed:  April 15, 2020

Appellant, Edward Donahue, appeals *nunc pro tunc* from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his negotiated guilty plea to involuntary deviate sexual intercourse ("IDSI") and endangering the welfare of a child ("EWOC").[1]  We vacate in part and remand with instructions.

The relevant facts and procedural history of this case are as follows. Between August 2000 and December 2011, Appellant sexually abused Victim, who was a minor throughout that time frame.  On March 4, 2014, Appellant entered a negotiated guilty plea to one count each of IDSI and EWOC.  That

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3123(a)(1) and 4304(a)(1), respectively.

same day, the court sentenced Appellant to the negotiated aggregate term of eight (8) to sixteen (16) years' incarceration, plus four (4) years' probation, and lifetime registration and reporting as a "Tier III" sex offender under "Megan's Law."[2]  Appellant filed no post-sentence motions or direct appeal.

Subsequently, Appellant filed *pro se* his first petition under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  In the petition, Appellant asserted plea counsel did not comply with his requests to petition to withdraw his guilty plea and file a notice of appeal from the judgment of sentence.  The PCRA court appointed counsel, who filed an amended PCRA petition, expressly seeking reinstatement of Appellant's post-sentence motion and direct appeal rights *nunc pro tunc*.  On January 18, 2019, the PCRA court conducted a hearing on Appellant's petition and restored only Appellant's direct appeal rights *nunc pro tunc*, without also reinstating his post-sentence motion rights *nunc pro tunc*.  Appellant filed a timely notice of appeal *nunc pro tunc* on January 20, 2019.  The court ordered Appellant on January 23, 2019, to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b); Appellant timely complied on January 29, 2019.

Appellant raises the following issues for our review:

> DID [PLEA] COUNSEL RENDER INEFFECTIVE ASSISTANCE OF COUNSEL FOR THE FOLLOWING:
>
> A.    FAILING    TO    SUBPOENA    [APPELLANT]'S

---

[2] The Commonwealth waived the Sexual Offender Assessment Board evaluation of whether Appellant met the criteria of a sexually violent predator.

MEDICAL RECORDS PRIOR TO HAVING HIM ENTER INTO A GUILTY PLEA, WHEN HE CLEARLY SUFFERED FROM SEVERE MENTAL INCAPACITY WHICH AFFECTED HIS ABILITY TO UNDERSTAND WHAT HE WAS DOING, RENDERING THE PLEA UNKNOWING AND INVOLUNTARY[?]

B. FAILING TO OBTAIN AND/OR REVIEW ALL DISCOVERY WITH [APPELLANT] PRIOR TO ENTERING A PLEA AT THE PRETRIAL STAGE, SHORTLY AFTER THE PRELIMINARY HEARING?

SHOULD THE GUILTY PLEA BE VACATED AND THE MATTER SET DOWN FOR TRIAL AS [APPELLANT] DID NOT UNDERSTAND THE CONTENTS OF THE PLEA, THE RAMIFICATIONS OF SAME NOR HIS AVAILABLE OPTIONS[?]

(Appellant's Brief at 4).

In his first issue, Appellant argues plea counsel rendered ineffective assistance when, prior to the entry of Appellant's negotiated guilty plea, counsel failed to: (i) subpoena Appellant's medical records; and (ii) obtain and review with Appellant all discovery. Appellant submits he suffers from mental illness/incapacity, which affected his ability to understand the terms of his guilty plea and for which he was taking medication at the time of the plea. Appellant contends plea counsel's inaction resulted in Appellant entering an unknowing, unintelligent, and involuntary guilty plea. Appellant concludes this Court should vacate his judgment of sentence, and remand to allow Appellant to withdraw his guilty plea. For the following reasons, Appellant is not entitled to relief at this juncture.

"[A]s a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review." ***Commonwealth v. Grant***,

572 Pa. 48, 67, 813 A.2d 726, 738 (2002). Our Supreme Court has recognized two very limited exceptions to the general rule: (1) in extraordinary circumstances where claims of trial counsel's ineffectiveness are apparent from the record and immediate consideration best serves the interests of justice and/or; (2) where there is good cause shown and review of the claim is preceded by a waiver of the right to seek collateral review. *Commonwealth v. Holmes*, 621 Pa. 595, 598-99, 79 A.3d 562, 563-64 (2013). Ineffectiveness claims may be raised on direct appeal only if: (1) the appellant raised his claim(s) in a post-sentence motion; (2) an evidentiary hearing was held on the claim(s); and (3) a record devoted to the claim(s) has been developed. *Commonwealth v. Leverette*, 911 A.2d 998, 1004 (Pa.Super. 2006).

Instantly, Appellant's claims of plea counsel's alleged ineffectiveness are premature, as the record confirms that Appellant did not develop these claims in the trial court. Moreover, Appellant did not make a knowing, intelligent, and voluntary waiver of PCRA review. Thus, we decline to entertain his ineffectiveness complaints on this direct appeal, and defer them instead for a review in a timely PCRA petition. *See Holmes, supra*; *Grant, supra*.

In his second issue, Appellant argues he did not understand the terms and ramifications of his negotiated guilty plea due to his mental illness/incapacity. Appellant avers he entered an unknowing, unintelligent, and involuntary guilty plea. Appellant concludes this Court should vacate his

negotiated guilty plea and remand for trial. We agree some limited relief is due.

Preliminarily, in general, a defendant must preserve a challenge to the validity of his guilty plea by objecting during the plea colloquy or raising the claim in a timely filed post-sentence motion. **Commonwealth v. Lincoln**, 72 A.3d 606 (Pa.Super. 2013), *appeal denied*, 624 Pa. 688, 87 A.3d 319 (2014). "Failure to employ either measure results in waiver." **Id.** at 610. **See also** Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i) (stating post-sentence motion challenging validity of guilty plea shall be filed no later than 10 days after imposition of sentence).

Where the PCRA court reinstates direct appeal rights *nunc pro tunc*, the defendant is not automatically entitled to reinstatement of his post-sentence rights *nunc pro tunc* as well. **Commonwealth v. Liston**, 602 Pa. 10, 977 A.2d 1089 (2009). Nevertheless, a PCRA court can reinstate a defendant's post-sentence rights *nunc pro tunc* if the defendant pleads and proves he was deprived of the right to file and litigate post-sentence motions as a result of ineffective assistance of counsel. **Id.** at 19 n.9, 977 A.2d at 1094 n.9 (noting counsel may be deemed ineffective for failing to file post-sentence motions when claim requires preservation in trial court for purposes of appellate review). **See also Commonwealth v. Rivera**, 154 A.3d 370 (Pa.Super. 2017) (*en banc*), *appeal denied*, 642 Pa. 121, 169 A.3d 1072 (2017) (stating PCRA court properly restored appellant's post-sentencing rights *nunc pro tunc*

because one issue appellant wanted to raise required preservation in trial court).

Instantly, in his PCRA petitions, Appellant expressly stated he wanted to challenge the validity of his guilty plea, which required preservation in the trial court. **See Lincoln, supra**. Consequently, restoration of Appellant's direct appeal rights *nunc pro tunc* without restoration of his post-sentence motion rights *nunc pro tunc* was essentially an empty gesture. In light of Appellant's stated intent to challenge the validity of his guilty plea, the PCRA court should have restored Appellant's post-sentencing rights as well. **See Liston, supra**; **Rivera, supra**. Therefore, we remand to the trial court to reinstate Appellant's post-sentence **and** direct appeal rights *nunc pro tunc*, so Appellant will have an opportunity to litigate in post-sentence motions his challenge regarding the validity of his guilty plea.

Further, our review of the record shows that the written sentencing order in this case states: "Megan's Law Tier III Offender—Lifetime registration with the Pennsylvania State Police." (**See** Order of Sentence, 3/4/14, at 2.) This directive is inherently inconsistent, because Megan's Law has no "tiers" but does require lifetime registration for Appellant's conviction for IDSI. On the other hand, the Sex Offender Registration and Notification Act ("SORNA") has a Tier III lifetime registration with additional requirements, which are not included in Megan's Law. To the extent Appellant's registration requirements implicate SORNA, our Supreme Court has declared SORNA unconstitutional *ex*

*post facto* law when applied retroactively to those sex offenders convicted of applicable crimes before SORNA's effective date and subjected to increased registration requirements under SORNA after its passage. ***Commonwealth v. Muniz***, 640 Pa. 699, 164 A.3d 1189 (2017), *cert. denied*, ___ U.S. ___, 138 S.Ct. 925, 200 L.Ed.2d 213 (2018). Consequently, we elect to review the legality of Appellant's sentence *sua sponte*. ***See Commonwealth v. Randal***, 837 A.2d 1211 (Pa.Super. 2003) (*en banc*) (explaining challenges to illegal sentence may be raised by this Court *sua sponte*, assuming jurisdiction is proper; illegal sentence must be vacated).

Importantly:

> The ***Muniz*** court determined SORNA's purpose was punitive in effect, despite the General Assembly's stated civil remedial purpose. SORNA also violates the *ex post facto* clause of the Pennsylvania Constitution because it places a unique burden on the right to reputation and undermines the finality of sentences by demanding more severe registration requirements. The effective date of SORNA, December 20, 2012, controls for purposes of an *ex post facto* analysis.

> \* \* \*

> Following ***Muniz***…, the Pennsylvania General Assembly enacted legislation to amend SORNA. Act 10 amended several provisions of SORNA, and also added several new sections found at 42 Pa.C.S.A. §§ 9799.42, 9799.51- 9799.75. In addition, the Governor of Pennsylvania signed new legislation striking the Act 10 amendments and reenacting several SORNA provisions, effective June 12, 2018. Through Act 10, as amended in Act 29, the General Assembly created Subchapter I, which addresses sexual offenders who committed an offense on or after April 22, 1996, but before December 20, 2012. Subchapter I contains less stringent reporting requirements than

> Subchapter H, which applies to offenders who committed an offense on or after December 20, 2012.

*Commonwealth v. Alston*, 212 A.3d. 526, 528-29 (Pa.Super. 2019) (footnotes and some internal citations omitted).  *See also Commonwealth v. Wood*, 208 A.3d 131, 140 (Pa.Super. 2019) (*en banc*) (holding effective date of SORNA controls for purposes of *ex post facto* analysis); *Commonwealth v. Lippincott*, 208 A.3d 143 (Pa.Super. 2019) (*en banc*) (stating same).   Additionally, this Court recently decided the internet dissemination provision of Subchapter I is unconstitutional because it violates the federal *ex post facto* clause.  *Commonwealth v. Moore*, 222 A.3d 16 (Pa.Super. 2019).

Instantly, Appellant committed the sex offenses at issue between August 2000 and December 2011, which pre-dates the effective date of SORNA.  *See Muniz, supra*.   Thus, Appellant is subject to the reporting requirements of Subchapter I, with the exception of the internet dissemination provision.  *See Moore, supra*; *Alston, supra*.  Accordingly, we vacate only that portion of the judgment of sentence regarding Appellant's sex offender registration and reporting requirements, and remand for the trial court to impose the applicable Subchapter I requirements.   Upon remand, the trial court shall also restore Appellant's post-sentence and direct appeal rights *nunc pro tunc*.

Sex offender registration and reporting requirements vacated; case remanded with instructions.  Jurisdiction is relinquished.

Judge Strassburger joins this memorandum.

Judge Nichols concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/15/20