J-S43021-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JONATHAN RYAN CZYZEWSKI | : | |
| | : | |
| Appellant | : | No. 1140 EDA 2024 |

Appeal from the Judgment of Sentence Entered March 19, 2024
In the Court of Common Pleas of Bucks County
Criminal Division at No: CP-09-CR-0005942-2023

BEFORE: BOWES, J., STABILE, J., and KUNSELMAN, J.

MEMORANDUM BY STABILE, J.:                    **FILED APRIL 14, 2025**

Appellant, Jonathan Ryan Czyzewski, appeals from the March 19, 2024 judgment of sentence imposing an aggregate 60 days of non-reporting probation for disorderly conduct (18 Pa.C.S.A. § 5503(a)(4)) and harassment (18 Pa.C.S.A. § 2709(a)(1)). The trial court also ordered Appellant to undergo a mental health evaluation and write a letter of apology to the victim. The letter of apology, which the Appellant claims was an illegal shaming sentence, is the subject of this appeal. After careful review, we affirm.

The convictions arose from an incident, captured on surveillance footage, in which Appellant spat on an employee of a convenience store. The trial court summarized the facts as follows:

> From the video, the court was able to see [Appellant] enter the Shell gas station store to purchase a pack of cigarettes. The Shell gas station store includes counter with cash registers, several aisles of goods for sale, a coffee bar, and a Subway

sandwich bar. The Subway sandwich bar includes a hot and cold counter with a glass top where all the ingredients for Subway sandwiches are held. [The victim] was working behind the Subway counter when [Appellant] came into the store. The court observed [Appellant] complete his purchase then walk toward the Subway sandwich counter and spit on [the victim]. After spitting on [the victim], [Appellant] exits the store, gets into a motor vehicle, and drives away.

Trial Court Opinion, 5/24/24, at 2 (record citations omitted).

The Commonwealth filed charges on August 15, 2023. At a January 29, 2024 pretrial conference, the disorderly conduct charge was amended to a summary offense. The trial court conducted a summary bench trial on March 19, 2024, and found Appellant guilty of both offenses. This timely appeal followed. The only issue before us is the legality of the portion of Appellant's sentence requiring him to write a letter of apology. Appellant's Brief at 4.

A challenge to the legality of the sentence presents a question of law for which our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Wolfe***, 106 A.3d 800, 801 (Pa. Super. 2014), *affirmed*, 140 A.3d 651 (Pa. 2016). "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." ***Commonwealth v. Leverette***, 911 A.2d 998, 1001 (Pa. Super. 2006). "A challenge to the legality of a sentence is essentially a claim that the trial court did not have jurisdiction to impose the sentence that it handed down…. A trial court ordinarily has jurisdiction to impose any sentence which is within the range of punishments which the legislature has authorized for the defendant's crimes." ***Commonwealth v. Melvin***, 103 A.3d 1, 52 (Pa. 2014) (internal quotation

marks omitted). An illegal sentence must be vacated. *Wolfe*, 106 A.3d at 801.

The Pennsylvania Judicial Code governs the imposition of probation conditions.

> **(b) Conditions generally**.--Conditions shall be assessed and ordered based on individualized circumstances. Following an individualized assessment of the defendant, including the defendant's history and the underlying crime or crimes committed, the court shall attach only those conditions that the court deems necessary and the least restrictive means available to promote the defendant's rehabilitation and protection of the public, including any of the following:
>
> […]
>
> (15) To do other things reasonably related to rehabilitation.

42 Pa.C.S.A. § 9763(b)(15).

In *Melvin*, the trial court relied on § 9763(b)(15) to require the defendant to issue letters of apology. *Id.* at 53. There, as here, the defendant argued that the letters of apology amounted to a shaming sentence. This Court concluded that court-imposed letters of apology are permissible under § 9763(b)(15), reasoning that they forced the defendant to acknowledge the harm caused by her actions, and to accept responsibility for causing that harm. *Id.* at 54-55. In these respects, the condition was tailored to the goal of rehabilitation. *Id.* But the *Melvin* Court held that the trial court overstepped its authority under § 9763(b)(15) insofar as it required the defendant to write the letters of apology on a picture of herself in handcuffs. In that respect, the condition did not serve the goal of rehabilitation, but

instead served to humiliate and shame the defendant and thus was punitive in effect. As such, the requirement that the apology letter be written on a photograph of the defendant in handcuffs was not authorized under § 9763(b)(15) and therefore illegal. *Id.* at 55-56.

Here, as in *Melvin*, the trial court ordered Appellant to write a letter of apology to the victim. Per *Melvin*, that condition is permissible under § 9763(b)(15), insofar as it facilitates the perpetrator's acknowledgement of the harm caused and acceptance of responsibility therefor. Absent from the instant sentencing order is anything designed to shame or humiliate Appellant. Appellant argues that the letter of apology causes him shame and humiliation based on his testimony, at sentencing, that he suffers from schizophrenia and hears voices. Appellant claims he heard the victim accuse him of pedophilia and then confronted the victim.

In rejecting Appellant's argument, the trial court reasoned that the rationale in *Melvin* applies here. Despite the surveillance footage of the crime, Appellant continued to deny at sentencing that he spat on the victim. By writing an apology letter, Appellant will be forced to accept responsibility for his action and acknowledge the harm he caused. The trial court acknowledged Appellant's mental health struggles, and thus did not order community service. The court concluded that a letter of apology would serve Appellant's rehabilitative needs better than community service. Trial Court Opinion, 5/24/24, at 4-5. And regarding Appellant's assertion that he was

provoked—or at least believed incorrectly that he was provoked—the trial court was free to discredit that testimony, given the court's review of the surveillance footage.

For the foregoing reasons, Appellant has failed to establish that the letter of apology imposed as a condition of his probation amounted to an illegal shaming sentence. We conclude that the letter was a lawful exercise of sentencing authority under § 9763(b)(15). Because the only argument Appellant raises on appeal lacks merit, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/14/2025