J-S13019-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARY GALE SLEBODNICK | : | |
| | : | |
| Appellant | : | No. 933 WDA 2017 |
| | : | |

Appeal from the Judgment of Sentence April 19, 2017
In the Court of Common Pleas of Cambria County Criminal Division at
No(s):  CP-11-CR-0001008-2016

BEFORE:  GANTMAN, P.J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:                    FILED MAY 18, 2018

Mary Gale Slebodnick ("Appellant") appeals from the judgment of

sentence entered on April 19, 2017, following her guilty plea to Driving Under

the Influence—General Impairment—Second Offense ("DUI"), Endangering the

Welfare of Children, and Use or Possession of Drug Paraphernalia.[1]  After

careful review, we affirm.

The relevant facts pursuant to the affidavit of probable cause are as

follows:  Police were called to a store parking lot on March 17, 2016, after

store employees found Appellant asleep behind the wheel of her vehicle and

were unable to wake her.  Appellant's minor grandchild was in the vehicle with

_____

[1]  75 Pa.C.S. § 3802(d)(2), 18 Pa.C.S. § 4304(a)(1), and 35 P.S. § 780-
113(a)(32), respectively.

her. Upon the police officer's arrival, Appellant was awake but incoherent and slurring her words. Police found multiple pill bottles in Appellant's vehicle as well as drug paraphernalia. Appellant was given a field sobriety test, which she failed, and was placed under arrest for DUI and other charges. Following her arrest, Appellant consented to a blood draw and her blood results showed four different drugs in her system, all of which were well over the reporting limit. Affidavit of Probable Cause, 4/4/16, at 1–2.

Appellant entered into a plea agreement and ultimately pled guilty to one count of DUI General Impairment, Second offense, Tier I, graded as a first-degree misdemeanor due to the presence of a minor child; one count of Endangering the Welfare of Children, a first-degree misdemeanor; and one count of Use/Possession of Drug Paraphernalia, an ungraded misdemeanor. On April 20, 2017, the trial court sentenced Appellant to a term of confinement of fifteen to thirty-six months, with twenty months of probation on the DUI count; a term of incarceration of fifteen to thirty months on the Endangering-the-Welfare-of-Children count, to run concurrently with the DUI sentence; and a sentence of twelve months of probation for the paraphernalia count, to run concurrently with the DUI count.

On April 26, 2017, Appellant filed a post-sentence motion seeking to modify her sentence or withdraw her guilty plea. The trial court held a hearing on April 27, 2017, and denied Appellant's motion by order dated May 2, 2017.

Appellant filed a timely notice of appeal. Both the trial court and Appellant have complied with Pa.R.A.P. 1925.

Appellant presents the following questions for review:

[1.] Where [Appellant] entered into a plea deal whereby her charges were reduced from a Misdemeanor of the First Degree DUI to an Ungraded Misdemeanor DUI, and that plea deal is accepted by the Court, is it an illegal sentence if [Appellant] is still sentenced under the guidelines of a Misdemeanor of the First Degree?

[2.] Where [Appellant] is advised by her counsel, via written colloquy, that she is pleading to an Ungraded Misdemeanor, with a legal maximum of twelve (12) months incarceration, but is then sentenced under the guidelines of a Misdemeanor of the First Degree, was her plea unlawfully, unknowingly or involuntarily induced?

Appellant's Brief at 4.

Preliminarily, we note that our ability to engage in meaningful appellate review is hampered by the absence of two transcripts in the certified record. Commonwealth v. Preston, 904 A.2d 1, 7 (Pa. Super. 2006) ("This Court cannot meaningfully review claims raised on appeal unless we are provided with a full and complete certified record."). "It is well established in this Commonwealth that it is the appellant's responsibility to order the transcript required and ascertain its presence in the record prior to certification for appeal." Commonwealth v. O'Black, 897 A.2d 1234, 1238 (Pa. Super. 2006).

In the instant case, the trial court held three hearings that are relevant to this appeal: Appellant's guilty plea hearing on March 21, 2017; Appellant's

sentencing hearing on April 20, 2017; and Appellant's emergency post-sentence motion hearing on April 27, 2017, wherein she argued, inter alia, that the trial court erred when it sentenced her on the DUI charge. Although there were three relevant hearings, Appellant ordered a single, unspecified transcript. Notice of Appeal, Order for Transcript, 5/3/17. Pursuant to those instructions, the official reporter included a single transcript, namely Appellant's April 20, 2017 sentencing hearing, in the certified record.[2]

Although this Court was under no obligation to do so, we contacted the Superior Court Prothonotary in an attempt to locate the missing transcripts and ensure that they were not excluded from the record due to an error in transmission. We were able to locate the transcript of Appellant's March 21, 2017 plea hearing; it is now included in the certified record as a supplemental record. However, the April 27, 2017 hearing regarding Appellant's post-sentence motion was not transcribed and our review is thus limited in that respect.

Appellant first asserts that her sentence is illegal. Our scope and standard of review for an illegal sentence challenge is as follows:

> The scope and standard of review applied to determine the legality of a sentence are well established. If no statutory authorization

---

[2] Although the certified record contained only a single transcript, Appellant included a copy of the transcript of her March 21, 2017 guilty plea proceeding in the reproduced record. The inclusion of that transcript in the reproduced record does not cure the defect. Commonwealth v. Bracalielly, 658 A.2d 755, 763 (Pa. 1995) ("An item does not become part of the certified record simply by copying it and including it in the reproduced record.").

exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law.

Commonwealth v. Dixon, 161 A.3d 949, 952 (Pa. Super. 2017) (quoting Commonwealth v. Leverette, 911 A.2d 998, 1001–1002 (Pa. Super. 2006).

In support of her appeal, Appellant argues that her sentence is illegal because she plead guilty to an ungraded misdemeanor, which carries a maximum sentence of twelve months, but she received a sentence of fifteen to thirty-six months of incarceration and an additional twenty months of probation. Appellant's Brief at 9. Appellant avers that she was aware of the terms of the plea, "as illustrated in her written colloquy, [and those terms were] central to her accepting the plea." Id. Appellant does not aver that the sentencing court acted without statutory authority when it handed down her sentence; rather, she argues that her sentence is illegal because she did not receive the benefit of her plea bargain.[3] Id.

Appellant's sentence is not illegal. In Commonwealth v. Berry, 877 A.2d 479 (Pa. Super. 2005) (en banc), this Court noted that,

> our case law draws a careful distinction between truly "illegal," and sentences which may have been the product of some type of legal error. [Commonwealth v. Archer, 722 A.2d 203, 209–210 (Pa. Super. 1998) (en banc)] and its progeny have established that the term "illegal sentence" is a term of art that our courts apply narrowly, to a relatively small class of cases.

_____

[3] We address Appellant's assertion that she did not receive the benefit of her plea bargain in the context of her second issue.

- 5 -

Id. at 483. We have further noted, "Legality of sentence issues occur generally either: (1) where a trial court's traditional authority to use discretion in the act of sentencing is somehow affected and/or (2) when the sentence is patently inconsistent with the sentencing parameter set forth by the General Assembly." Commonwealth v. Succi, 173 A.3d 269, 285 (Pa. Super. 2017). "Most other challenges implicate the discretionary aspect of a sentence, even though the claim may involve a legal question, a patently obvious mathematical error, or an issue of constitutional dimension." Id; see also Commonwealth v. Heaster, 171 A.3d 268, 272 (Pa. Super. 2017) (challenge to application of deadly weapon enhancement as violative of plea agreement implicated the discretionary aspect of a sentence); Berry, 877 A.2d 479 (finding that claim that trial court violated plea agreement by imposing consecutive sentences and not allowing defendant to withdraw plea implicated discretionary aspect of sentencing).

In this case, Appellant ultimately pled guilty to a charge of DUI. Standing alone, a conviction under Section 3802(a)(1) constitutes an ungraded misdemeanor. 75 Pa.C.S. § 3803(a)(1). However, "[a]n individual who violates section 3802 where a minor under 18 years of age was an occupant in the vehicle when the violation occurred commits a misdemeanor of the first degree." 75 Pa.C.S. § 3803(b)(5). It is undisputed that Appellant had a minor child in her vehicle when she was arrested for DUI; thus, the minor child's presence in the vehicle classifies the crime as a first-degree

misdemeanor, with a maximum sentence of sixty months. 18 Pa.C.S. § 106 (b)(6). The sentencing court sentenced Appellant to a term of incarceration of fifteen to thirty-six months and a consecutive period of probation of twenty months, for a total of fifty-six months of supervision. Given that Appellant's sentence for a first-degree misdemeanor is less than the statutory maximum for said misdemeanor, the sentencing court had statutory authority for the sentence it imposed; thus, Appellant's sentence was not illegal.

In her second issue, Appellant avers that her plea was "not knowingly, voluntarily, and lawfully induced" because she was sentenced to a period in excess of the "guaranteed sentence" of a maximum period of incarceration of twelve months on the DUI charge. Appellant's Brief at 10.[4] It is well established that when the parties enter into a negotiated plea, the parties are "entitled to receive the benefit of their bargains." Commonwealth v. Martinez, 147 A.3d 517, 532 (Pa. 2016). "Thus, a court must determine whether an alleged term is part of the parties' plea agreement. If the answer to that inquiry is affirmative, then the convicted criminal is entitled to specific performance of the term." Id. Moreover:

_____

[4] As discussed supra, Appellant plead guilty to a first-degree misdemeanor, which carries a maximum sentence of sixty months of incarceration. It is unclear from Appellant's brief whether she is arguing that her plea is invalid because she was informed that she would be subject to a maximum sentence of twelve months of incarceration despite pleading guilty to a first-degree misdemeanor or she was informed that she was pleading to an ungraded misdemeanor, subject to the twelve-month maximum sentence.

> Although a plea agreement occurs in a criminal context, it remains contractual in nature and is to be analyzed under contract-law standards. Further, disputes over any particular term of a plea agreement must be resolved by objective standards. A determination of exactly what promises constitute the plea bargain must be based upon the totality of the surrounding circumstances and involves a case-by-case adjudication.

Commonwealth v. Anderson, 995 A.2d 1184, 1191 (Pa. Super. 2010).

A review of the circumstances surrounding Appellant's plea belies her claim that her plea was not knowingly, voluntarily, or lawfully induced. First, the plea agreement, which was signed by Appellant, her attorney, and the Commonwealth, sets forth the terms of the plea as requiring Appellant to plead guilty to DUI, "a misdemeanor of the first degree." Plea Agreement, 3/21/17, at 1. Moreover, a review of the March 21, 2017 plea transcript fails to provide any additional support for Appellant's contention that her plea was not made knowingly and voluntarily. Indeed, the following colloquy took place:

> The Court: [Appellant], you're entering a plea to general impairment, second offense, DUI, tier 1, misdemeanor of the first degree . . . is that your understanding?
>
> Appellant: Yes, your honor.
>
> The Court: I've been given a Pleader's Memorandum with various blanks filled in. Did you go over that document?
>
> Appellant: Yes, I did.
>
> The Court: Any questions?
>
> Appellant: No, sir.

* * *

The Court: [Do you] know what rights you're giving up?

Appellant: Yes, sir.

The Court: Entering your plea voluntarily and of your own free will?

Appellant: Yes.

The Court: No questions?

Appellant: No, your honor.

N.T. (Guilty Plea), 3/21/17, at 2–3.

A review of Appellant's April 20, 2017 sentencing hearing similarly provides no support for Appellant's contention that she believed she had pled to an ungraded misdemeanor. N.T. (Sentencing), 4/20/17, at 4–5. Indeed, at that hearing, the trial court specifically asked Appellant's counsel if he had reviewed the presentence report, in which Appellant's DUI charge was graded as a first-degree misdemeanor, subject to up to five years of imprisonment. Id. at 2. Counsel responded that he had reviewed the document, and no changes or corrections were needed. Id. Moreover, we note that Appellant did not object to the alleged error in the gradation of the DUI misdemeanor or length of her sentence at either hearing for which this Court could access the transcript.[5]

_____

[5] Appellant's failure to have the April 26, 2017 post-sentence motion transcribed and included as part of the certified record has impeded our

In contrast to the overwhelming evidence that Appellant was aware of the terms of the plea, she cites only a single entry in the record in support of her claim that her plea was not knowingly, voluntarily or lawfully entered. Appellant's Brief at 10. Appellant cites to the undated Guilty Plea, Explanation of Defendant's Rights, in which Appellant's counsel filled out the charges and grades of Appellant's offenses and listed the "DUI General Impairment" charge as an ungraded misdemeanor, subject to a term of imprisonment of up to twelve months. Guilty Plea, Explanation of Defendant's Rights, undated, at 1. This document was signed by Appellant and her counsel, but not by the Commonwealth.

While it is undisputed that this document lists Appellant's DUI misdemeanor as ungraded, the totality of the circumstances surrounding the plea, which include, inter alia, the plea agreement between the parties, Appellant's guilty plea colloquy in open court, and the pre-sentence investigation report compels this Court to find that Appellant has failed to establish that she was offered and accepted a plea which classified her DUI charge as an ungraded misdemeanor, subject to a maximum twelve-month term of confinement. Appellant has failed to show that she did not enter her

_____

review. As the trial court noted, absent that transcript, "there is no record of what [Appellant] was or was not told by counsel or the court, what she was aware of at the time she entered her plea, or what she thought the terms of her plea agreement were." Trial Court Opinion, 7/10/17, at 4.

plea knowingly, and we discern no error or abuse of discretion. Based on the foregoing, Appellant is entitled to no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/18/2018