J-S54007-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARLOS OLIVO-VAZQUEZ | : | |
| | : | |
| Appellant | : | No. 730 MDA 2020 |

Appeal from the Judgment of Sentence Entered April 16, 2020
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0000785-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARLOS OLIVO-VAZQUEZ | : | |
| | : | |
| Appellant | : | No. 731 MDA 2020 |

Appeal from the Judgment of Sentence Entered April 16, 2020
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0004164-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARLOS DARIAN OLIVO-VAZQUEZ | : | |
| | : | |
| Appellant | : | No. 927 MDA 2020 |

Appeal from the Judgment of Sentence Entered April 16, 2020
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0003006-2019

BEFORE:  NICHOLS, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED: JANUARY 5, 2021**

Appellant Carlos Olivo-Vazquez appeals from the judgment of sentence imposed following his open guilty plea to stalking, possession of a firearm prohibited, and discharge of firearms at Docket No. 3006-2019.[1]  Appellant argues that the trial court imposed an illegal sentence by directing that he may not have contact with the complainant or her family.  The Commonwealth agrees that relief is due from the no-contact provision.  We affirm the judgment of sentence in part and vacate in part.

The trial court summarized the underlying facts of this matter as follows:

> On May 9, 2019, [Appellant] was arrested for various stalking and weapons offences in connection with discharging a firearm behind the family home of Cassandra Tirado ("Ms. Tirado"), a romantic interest who had been [Appellant's] victim in a stalking conviction one month prior to the incident at issue.  The Commonwealth filed Amended Information No. 3006-2019 on August 7, 2019 charging [Appellant] with twenty-two counts related to the incident on May 9, 2019; however the only counts relevant to this appeal are those involving stalking [Ms. Tirado] and discharging a firearm behind her home.
>
> The charges from May 9, 2019 (No. 3006-2019) triggered probation violations against [Appellant]; No. 4164-2016, a matter that involved stalking a different female victim; and No.

_____

[1] 18 Pa.C.S. §§ 2709.1(a)(1), 6105(c)(7), and Lancaster L.O. 129-13(a), respectively.

The sentencing court issued a judgment sentencing Appellant for probation violations at Docket Nos. 4164-2016 and 785-2019, as well as the new conviction at Docket No. 3006-2019.  Appellant challenges the no-contact provision which appears exclusively on Docket No. 3006-2019.  Appellant does not raise any issues with respect to the sentences at Docket Nos. 4164-2016 and 785-2019.  The parties stipulated to the consolidation of Appellant's three appeals.

785-2019, the matter that involved stalking Ms. Tirado. At a hearing on June 10, 2019, the [trial c]ourt found [Appellant] in violation of probation in both cases, but deferred sentencing pending disposition of the underlying new charges (No. 3006-2019). On January 17, 2020, [Appellant] entered a guilty plea in case No. 3006-2019 to several charges associated with the incident on May 9, 2019, including stalking Ms. Tirado and discharging a firearm behind her home. The [c]ourt ordered a [p]resentence [i]nvestigation [r]eport ("PSI") and scheduled a sentencing hearing for the convictions as well as for the two parole violations, Nos. 4164-2016 and 785-2019.

After receiving the PSI, the [c]ourt conducted a [s]entencing [h]earing on April 16, 2020. At the hearing, the [trial c]ourt heard argument from counsel for both the Commonwealth . . . and [Appellant], received a letter from [Appellant's] mother and heard a statement from [Appellant] himself.

\* \* \*

The [trial c]ourt sentenced [Appellant] to a term of incarceration of one to two years in a state correctional facility on the probation violation at Docket No. 4164-2016. The [c]ourt also sentenced [Appellant] to a term of incarceration of one to two years in a state correctional facility on the probation violation at Docket No. 0785-2019, with sentences for both dockets to run concurrently for an aggregate of one to two years on the probation violations.

[At Docket No. 3006-2019, the court sentenced Appellant to a term of four to ten years' incarceration for possession of a firearm prohibited and two and a half to seven years for stalking. The trial court ordered these sentences to run concurrently with each other, but consecutively to the probation violation sentences for an aggregate term of incarceration in a state correctional facility of five to twelve years. For discharge of firearms, the trial court sentenced Appellant to pay court costs only.]

After pronouncing [the] sentence on Docket No. 3006-2019, the following exchange occurred between the [trial c]ourt and the Commonwealth:

> [The Commonwealth]: I would be requesting no contact with Ms. Tirado and family members and [Appellant] cannot be within one mile of her residence.

- 3 -

> The [c]ourt: So ordered. No contact of any kind, nature, whatsoever by phone, by email, by letter, by text, aby time of communication whatsoever. Do you understand that, sir?
>
> [Appellant]: Yes, Your Honor.
>
> The [c]ourt: That is regardless of what she wants. It is an order that you must comply with.

Trial Ct. Op., 8/17/20, at 1-4 (record citations and footnotes omitted).

Appellant filed a timely post sentence motion at all three docket numbers on April 23, 2020 seeking a reduction in his aggregate sentence based upon his young age and troubled childhood. On May 18, 2020, Appellant filed separate notices of appeal from the probation violations at Docket Nos. 4164-2016 and 0785-2019. The trial court did not rule on the post sentence motion at these dockets. Appellant filed court-ordered Pa.R.A.P. 1925(b) statements on June 16, 2020 asserting that the trial court lacked jurisdiction to impose a condition of no contact as part of Appellant's incarceration sentence or as a condition of his state parole. *See* Appellant's Rule 1925(b) Statement, 06/16/20, at 1 (unpaginated).

The trial court denied the post sentence motion at Docket No. 3006-2019 on June 10, 2020. Appellant filed a timely notice of appeal at this docket on July 10, 2020. Appellant timely filed a Rule 1925 statement on August 3, 2020. The trial court filed a responsive opinion on August 17, 2020. On October 1, 2020, the parties filed a stipulation to consolidate Appellant's three appeals.

Appellant raises a single question for our review:

- 4 -

Did the trial court err in imposing a condition of no contact with the victim and her family, where the [trial] court had no jurisdiction to impose this condition, either as a condition of state incarceration or as a condition of state parole?

Appellant's Brief at 6.

Appellant argues that the trial court imposed an illegal sentence when it added the no-contact provision as a condition of his sentence at Docket No. 3006-2019. *Id.* at 13. Appellant asserts that the trial court "did not have jurisdiction to issue the no-contact order whether it was being imposed as a condition of state incarceration or as a condition of state parole." *Id.* at 14. Appellant relies on our decision in *Commonwealth v. Mears*, 972 A.2d 1210 (Pa. Super. 2009) for the proposition that the Pennsylvania Board of Probation and Parole has the exclusive authority to determine the conditions of a defendant's parole. *Id.* at 15. Further, Appellant contends that the trial court lacked jurisdiction to impose the no-contact provision as a special condition of Appellant's state incarceration. *Id.* at 16. Appellant maintains that such authority belongs to the Secretary of the Department of Corrections (DOC). *Id.* at 18 (citing Commonwealth of Pennsylvania Department of Corrections, Inmate Mail and Incoming Publications, DC-ADM 803, Policy Statement, Section I). Further, Appellant notes that DOC policy prohibits inmates from initiating phone calls or corresponding via mail with victims and their immediate families. *Id.* at 17-18. Appellant requests that this Court vacate the portions of his sentence prohibiting contact with Ms. Tirado and her family members. *Id.* at 19.

In response, the Commonwealth observes that because Appellant's maximum sentence exceeds two years, the Pennsylvania Board of Probation and Parole (PBPP) has exclusive authority to determine Appellant's parole conditions and that a trial court may make recommendations to the PBPP concerning the conditions of an offender's sentence. Commonwealth's Brief at 5. However, the Commonwealth notes that the trial judge's recommendations are not binding on the PBPP. *Id.* (quoting 61 Pa.C.S. § 6134(b)(2)). Further, the Commonwealth concedes that the trial court acted outside of its authority when it imposed the no-contact condition as part of Appellant's incarceration sentence rather than as a recommended condition of his parole, and that accordingly, Appellant's sentence is subject to *vacatur*. As Appellant only challenges the no-contact provision, the Commonwealth requests that this Court "vacate that condition and affirm the remainder of Appellant's sentence." *Id.* at 6.

"The matter of whether the trial court possesses the authority to impose a particular sentence is a matter of legality [of the sentence]." *Commonwealth v. Dennis*, 164 A.3d 503, 510 (Pa. Super. 2017) (citation and quotation marks omitted). Further, it is well settled that

> [i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law.

*Commonwealth v. Leverette*, 911 A.2d 998, 1001-02 (Pa. Super. 2006) (citations omitted).

Section 9721 of the Sentencing Code governs the imposition of a criminal sentence and provides, in relevant part:

**§ 9721. Sentencing generally**

**(a)** **General rule.**—In determining the sentence to be imposed the court shall . . . consider and select one or more of the following alternatives, and may impose them consecutively or concurrently:

(1) An order of probation.

(2) A determination of guilt without further penalty.

(3) Partial confinement.

(4) Total confinement.

(5) A fine.

42 Pa.C.S. § 9721(a).

Where a trial court imposes a sentence of total confinement, the Sentencing Code provides that "the court shall at the time of sentencing specify any maximum period up to the limit authorized by law and whether the sentence shall commence in a correctional or other appropriate institution." 42 Pa.C.S. § 9756(a).

As discussed above, where the trial court imposes a maximum imprisonment sentence of two or more years, the PBPP has exclusive authority over the terms of the defendant's parole. *See* 61 Pa.C.S. § 6132; *see also Commonwealth v. Coulverson*, 34 A.3d 135, 141 (Pa. Super. 2011)

(recognizing "that 'the [PBPP] has exclusive authority to determine parole when the offender is sentenced to a maximum term of imprisonment of two or more years'") (quoting **Mears**, 972 A.2d at 1211 (additional citation omitted)).  Therefore, trial courts do not have statutory authority to impose conditions on a state parole sentence, and "'any condition the sentencing court purport[s] to impose on [a defendant's] state parole is advisory only.'" **Coulverson**, 34 A.3d at 141-42 (quoting **Mears**, 972 A.2d at 1211 (additional citation omitted)); **see also** 61 Pa.C.S. § 6134(b)(1), (2).

Finally, unlike the statutes relating to total confinement, Section 9754(b) of the Sentencing Code authorizes trial courts to impose conditions on a defendant's probation sentence.  **See** 42 Pa.C.S. § 9754(b); **see also Commonwealth v. Koren**, 646 A.2d 1205, 1209 (Pa. Super. 1994) (stating that a "sentencing court can order a no-contact condition on probation," as long as "that condition is reasonably calculated to aid in the defendant's rehabilitation").

Here, in its Rule 1925(a) opinion, the trial court addressed the no-contact provision of Appellant's sentence as follows:

> The record is devoid of support for [Appellant's] claim that the [trial c]ourt imposed the "no contact" as a condition of some future parole in violation of the law.  To the contrary, the record shows plainly that neither the [trial c]ourt nor the parties mentioned parole at any time during the sentencing hearing.  The Commonwealth argued that evidence of recorded phone calls from the jail, provided to [Appellant] during discovery, demonstrated that [Appellant] had made repeated phone calls to the victim, Ms. Tirado, during the time he had been incarcerated pending trial and sentencing.  The [trial c]ourt's intention was to put an immediate

> stop to [Appellant's] harassment of Ms. Tirado and to prevent him from continuing to harass her during his time in prison. It was for this reason, as further detailed below, that the [trial c]ourt ordered as part of the sentence that [Appellant] have "no contact" with Ms. Tirado - to provide immediate and lasting protection to her by preventing [Appellant] from making harassing contact with her during his incarceration.

Trial Ct. Op. at 6. The trial court concluded that it had authority to impose the no-contact provision as a discretionary aspect of sentencing. *Id.* at 8-9. The trial court concluded that Appellant's arguments were waived because he failed to challenge the no-contact provision in his post sentence motions. *Id.* at 8.

Based on our review of the record and the governing statutes we agree with Appellant and the Commonwealth that the trial court lacked statutory authority to impose a no-contact condition as part of Appellant's state incarceration sentence. *See Dennis*, 164 A.3d at 510; *see also Leverette*, 911 A.2d at 1001. Although Section 9754(b) of the Sentencing Code authorizes a trial court to recommend the conditions of a defendant's probation if the sentence exceeds two years, there are no similar provisions relating to conditions on a sentence of confinement. *See* 42 Pa.C.S. § 9756(a) (relating to total confinement); *cf.* 42 Pa.C.S. § 9754(b) (relating to probation). Where a sentence lacks statutory authority, it is illegal and subject to correction.[2] *See Leverette*, 911 A.2d at 1001. Instantly, because the

---

[2] We acknowledge that the sentencing court's stated purpose for the no-contact condition was to stop Appellant's ongoing harassing contact with the

Sentencing Code and pertinent legal authority did not provide the trial court with the authority to impose a no-contact condition as part of Appellant's incarceration sentence, the trial court's imposition of the subject condition implicates the legality of his sentence which is not waived. ***See Commonwealth v. Rush***, 959 A.2d 945, 950 (Pa. Super. 2008) (indicating that legality of sentence is not waived for lack of raising the challenge at sentencing or in a post-sentence motion). Accordingly, we are constrained to conclude that the trial court's imposition of the no-contact provision constituted an illegal condition of Appellant's sentence. ***See Leverette***, 911 A.2d at 1001.

For these reasons, we vacate the no-contact condition of Appellant's sentence and affirm Appellant's judgment of sentence at Docket No. 3006-2019 in all other respects.

As our disposition does not impact the term of incarceration imposed by the trial court, we need not remand for resentencing. ***See Commonwealth v. Thur***, 906 A.2d 552, 569-70 (Pa. Super. 2006) (indicating that if this

_____

complainant and her family and to prevent further harassment during his incarceration. ***See*** Trial Ct. Op. at 6. Moreover, we note that the DOC rules prohibit inmates from corresponding with victims of their criminal acts or the immediate family members of their victims via mail without prior written approval. ***See*** DOC Procedures Manual, DC-ADM 803 Section 1 (A)(5)(f)(4), (5). Further, inmates are prohibited from initiating phone calls to a complainant unless the complainant submits a written request approved by the facility manager. ***See*** DOC Procedures Manual, DC-ADM 818 Section 2(B)(2)(e).

Court's disposition does not upset the overall sentencing scheme of the trial court, we need not remand for resentencing).

Judgment of sentence at Docket No. 3006-2019 affirmed in part and vacated in part. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:01/05/2021