J-S22045-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER LEE DEAMER | : | |
| | : | |
| Appellant | : | No. 1412 MDA 2020 |

Appeal from the Judgment of Sentence Entered January 7, 2020
In the Court of Common Pleas of Juniata County Criminal Division at
No(s): CP-34-CR-0000114-2019

BEFORE: PANELLA, P.J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: **FILED: AUGUST 23, 2021**

Christopher Lee Deamer (Deamer) appeals from the judgment of sentence entered in the Court of Common Pleas of Juniata County (trial court) after a jury found him guilty of Driving Under the Influence of a Controlled Substance (DUI) and various other offenses.[1] Deamer's counsel petitions to withdraw under ***Anders v. California***, 386 U.S. 738 (1967), and

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Deamer purports to appeal from the "November 25, 2019 and the February 12, 2020" orders of the trial court. The former is the date that he was found guilty while the latter is the date that the trial court denied his post-sentence motion. Deamer, however, was sentenced on January 7, 2020. Because an "appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions." ***See Commonwealth v. Shamberger***, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*) (citation omitted).

***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). After review, we grant the petition to withdraw and affirm the judgment of sentence.

**I.**

**A.**

On April 15, 2019, around 6:30 a.m., Trooper Michael Lorenzo (Trooper Lorenzo) of the Pennsylvania State Police (PSP) arrived for his daylight shift at the Lewistown Barracks. Around the same time, Kenneth Swineford (Swineford), a civilian PSP employee, also arrived for work. Both men parked their cars in the rear parking lot that is restricted to the public with signage stating that only authorized vehicles were permitted.

As the two men were walking into the building, Trooper Lorenzo heard honking in the distance. When he turned, he saw a dark colored pickup truck driving down the road. The truck's driver, who was Deamer, then veered into the restricted parking lot. Deamer then drove up next to Trooper Lorenzo and Swineford. Deamer asked Trooper Lorenzo, who was in civilian clothing, if he was a state trooper. Trooper Lorenzo replied he was and asked how he could help. Deamer, who was completely naked, said, "I'm covered in s____." Not seeing anything on Deamer, Trooper Lorenzo asked what he thought he had on him. Deamer responded, "I don't know, man. I've just – I've got s____ all over me. It's everywhere." As later described by Trooper Lorenzo, Deamer appeared to be hallucinating and was highly agitated and confused.

Trooper Lorenzo then asked Deamer whether he needed immediate medical attention or could wait until Trooper Lorenzo changed into his uniform before helping him. Deamer answered, "no, I'll be all right but I need help." Trooper Lorenzo told Deamer to "stay put" and not get out of his truck because they were in a residential area. Deamer said he understood, and Trooper Lorenzo and Swineford went into the building.

While Trooper Lorenzo was changing into his uniform, Deamer drove to the front of the building and parked his truck. Deamer then got out and walked to the front door. Through a nearby window, Swineford encouraged Deamer to cover himself. Deamer responded that he was going to sit and hide in the shrubs until someone came out to help him. After Deamer hid in the shrubs, Swineford contacted the nearby Newport Barracks to see if one of their troopers could assist because no one else was available.

Upon receiving the call, Trooper Cody Booher (Trooper Booher) drove to the Lewistown Barracks and pulled his cruiser in front of the building. As he pulled up, he saw Deamer hunched between the building and the shrubs. When he saw the cruiser, Deamer walked toward it while holding his car keys, which Trooper Booher directed him to place on the hood of the cruiser. Deamer told Trooper Booher that he was covered in some sort of drug and that "he couldn't get his fingers through his hair," as he pulled on his hair. Not long after, Trooper Lorenzo came out of the barracks and brought Deamer inside after putting a blanket around him.

Trooper Lorenzo escorted Deamer to the patrol room and had him sit on a bench. Because of his demeanor and inability to remain still, Deamer was shackled to the bench. Trooper Lorenzo questioned Deamer about what had happened. At some point, Deamer told him that he taken ecstasy around 10:00 p.m. the night before. Trooper Lorenzo was also able to determine Deamer's identity and check his driving record. Trooper Lorenzo discovered that Deamer's license was suspended and that he was a habitual offender.

Based on his observations as well as Deamer's admission, Trooper Lorenzo suspected Deamer was under the influence of a controlled substance. Deamer was then transported to a nearby hospital for a blood draw. After being read the DL-26 implied consent form, Deamer signed it and allowed his blood to be drawn for testing. That testing revealed the presence of an amphetamine and methamphetamine.[2]

Deamer was arrested and charged with eight offenses: (1) DUI—drug or combination of drugs (75 Pa.C.S. § 3802(d)(2)); (2) Habitual Offenders (75 Pa.C.S. § 6503.1); (3) Open Lewdness (18 Pa.C.S. § 5901); (4) Tire Equipment and Traction Surfaces (75 Pa.C.S. § 4525(a); (5) Driving with a Suspended License (75 Pa.C.S. § 1543(a)); (6) Obedience to Traffic Control

---

[2] Before trial, the Commonwealth gave notice of its intent to admit the lab report in lieu of testimony under Pa.R.Crim.P. 574. Deamer's counsel never responded by filing a written demand as permitted by Pa.R.Crim.P. 574(C)(1). As a result, the lab report was admitted at trial through Trooper Lorenzo. **See** N.T., 11/25/19, at 89.

Devices (75 Pa.C.S. § 3111(a)); (7) Careless Driving (75 Pa.C.S. § 3714(a)); and (8) DUI—Schedule II or Schedule III controlled substance (75 Pa.C.S. § 3802(d)(1)(ii)).

**B.**

On November 25, 2019, Deamer proceeded to a one-day jury trial on all charges. At trial, Deamer testified in his own defense and denied that he took any drugs before driving his truck. According to him, he was experiencing a mental health crisis and drove to the barracks to get help. After first speaking with Trooper Lorenzo, Deamer claimed that he was told to drive around to the front of the building. After doing so, he noticed that he had a bag of ecstasy on his front seat. Afraid that it would be discovered by Trooper Lorenzo, Deamer grabbed the bag and took it to the shrubs where he ingested the drugs.

The jury rejected this version and found Deamer guilty of both counts of DUI, Habitual Offenders and Open Lewdness, after which the trial court found him guilty of the remaining summary charges except for Careless Driving. Because this would be Deamer's sixth DUI, the trial court ordered that a presentence investigation (PSI) be completed and that Deamer return for sentencing on January 7, 2020. On that date, the trial court sentenced Deamer to be imprisoned for 16 months to 7 years for DUI—drug or combination of drugs; a consecutive 4 to 12 months for Habitual Offenders; a consecutive 1 to 12 months for Open Lewdness; and no sentence for DUI—

Schedule II or Schedule III, as it merged with the other DUI count.[3]  As a result, the trial court's aggregate sentence was 21 months to 9 years' imprisonment.

Because Deamer had filed *pro se* motions for ineffectiveness of counsel, the trial court allowed trial counsel to withdraw, following which current counsel entered her appearance and was granted an extension to file post-sentence motions.  On February 6, 2020, counsel filed a post-sentence motion raising sufficiency and weight of the evidence claims.  After the trial court denied that motion, counsel timely filed this appeal on March 3, 2020.  That same day, counsel filed a statement of intent to file an ***Anders/Santiago*** brief in lieu of filing a statement of errors complained of on appeal.[4]  In that statement, counsel identified the sufficiency and weight claims as arguably supporting appeal.  On March 25, 2020, the trial court issued an opinion under Pa.R.A.P. 1925(a) addressing only the weight of the evidence clam.

Counsel filed her first ***Anders*** brief and application to withdraw on January 24, 2021.  Because that brief did not satisfy the requirements set

_____

[3] The trial court determined that Deamer was eligible under the Recidivism Risk Reduction Initiative (RRRI) and gave him an RRRI minimum sentence of 15 months and 22 days.  The trial court also gave Deamer full credit for his pretrial incarceration from the date of his arrest on April 15, 2019, which totaled 268 days.

[4] ***See*** Pa.R.A.P. 1925(c)(4). (In a criminal case, counsel may file of record and serve on the judge a statement of intent to file an ***Anders/Santiago*** brief in lieu of filing a Statement.").

forth in **Santiago**, we entered an order on February 4, 2021, denying the application to withdraw without prejudice to counsel refiling a compliant **Anders** brief. On April 6, 2021, we dismissed the appeal due to counsel's failure to file a brief. A week later, though, we reinstated the appeal after counsel filed an application to reinstate. Counsel filed her second **Anders** brief and application to withdraw on April 26, 2021. Again, however, counsel's brief was defective, resulting in us denying the application without prejudice to refile. On May 18, 2021, counsel filed her third **Anders** brief and application to withdraw, which we now consider.

## II.

We first address counsel's petition to withdraw from representation, which must satisfy both procedural and substantive requirements. Procedurally, counsel must: (1) petition the court for leave to withdraw, stating that after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) furnish a copy of the brief to the defendant; and (3) advise the defendant that he has the right to retain private counsel or raise additional arguments that he deems worthy of the court's attention. **See Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013).

Counsel has complied with these procedural requirements. The petition to withdraw states that after a conscientious examination of the record, counsel has determined the appeal would be wholly frivolous. **See** Petition to

Withdraw as Counsel, 5/18/21, at 1. Counsel certifies that she sent a copy of the **Anders** brief and the petition to withdraw to Deamer. **Id**. Additionally, counsel's letter advises Deamer of his right to retain private counsel or raise *pro se* any additional arguments he would like the Court to consider. **See** Letter from Nancy C. Schrum, Esq. to Deamer, 5/18/21.

Regarding the substantive elements, the **Anders** brief accompanying counsel's petition to withdraw must: (1) summarize the procedural history and facts of record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. **See Santiago**, **supra** at 361. Counsel's **Anders** brief summarizes the factual and procedural history of this case, identifies potential issues of arguable merit, and explains the basis for her conclusion that an appeal would be frivolous. Because counsel has complied with these requirements, we "make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Id.** at 355 n.5.

## III.

Counsel's **Anders** brief raises three issues of arguable merit: (1) the trial court's sentence; (2) the ineffectiveness of trial counsel; and (3) the jury's verdict was against the weight of the evidence. For ease of discussion, we consider these issues in reverse order.

First, we find that the jury's verdict was not against the weight of the evidence.[5] At trial, the Commonwealth called Deamer's girlfriend at the time, Amanda Zivielo. She testified about Deamer's behavior the night before and into the earlier morning hours of the day he was arrested. She testified that he was acting weird and paranoid, accusing her of hiding drugs in the house. *See* N.T., 11/25/19, at 31. She also testified that Deamer took off his clothes and was completely naked, at which point she took her daughters down the street to her mother's house. *Id*. at 33. She later spoke to Deamer in jail and he admitted that he had taken drugs that day. *Id*. at 35.

The Commonwealth also called Troopers Lorenzo and Booher about their interaction with Deamer at the barracks.[6] Both of their versions of what happened were consistent as both described Deamer's erratic and bizarre behavior while he was naked, as he continually stated that he was covered in

---

[5] When evaluating a challenge to the weight of the evidence to support a conviction, this court does not reweigh the evidence presented at trial, but rather evaluates the trial court's denial of the motion for a new trial for an abuse of discretion. ***Commonwealth v. Clay***, 64 A.3d 1049, 1054-55 (Pa. 2013). An abuse of discretion occurs "where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will." ***Id.*** (citation omitted). A trial court's determination that the verdict was not against the weight of the evidence is "[o]ne of the least assailable reasons for granting a new trial." ***Id.*** (citation omitted).

[6] The Commonwealth also called Swineford and Trooper Michael Short, who read Deamer the DL-26 form at the hospital.

some kind of substance and pulling at his hair. Trooper Booher corroborated Trooper Lorenzo's testimony that Deamer admitted that he used ecstasy. *Id*. at 103. Moreover, the Commonwealth admitted dashcam footage from Trooper Booher's cruiser confirming his testimony, as it shows Deamer walk up to his cruiser completely naked and talk to Trooper Booher. *Id*. at 99.

As noted above, the trial court addressed Deamer's weight claim in its Rule 1925(a) opinion, explaining why it lacked merit.

> The Commonwealth presented five witnesses, all of whom testified as to what they witnessed involving [Deamer] on the night in question. The witnesses that were presented included [Deamer's] girlfriend, and four members of the Pennsylvania State Police. All witnesses testified as to [Deamer's] appearance of intoxication. [Deamer's] did not argue that he was not intoxicated, he simply argues that he was not intoxicated until after he arrived at the Police Barracks.

> Along with testimony from PSP Troopers regarding [Deamer's] fidgety nature while he was at the Barracks, the fact that he was naked, his inability to make coherent statements, hallucinations, and other behavior that was indicative of intoxication, the Commonwealth also produced laboratory results that show [Deamer] was under the influence of illegal substances. Although there was no video presented by the Commonwealth due to a technical issue, the testimony presented by the witnesses, along with the lab report that was presented, should be taken into consideration by the jury, since they are the ultimate finder of fact in this case.

Trial Court Opinion, 3/25/20, at 2.

We have little to add to this except that the jury simply decided to credit the Commonwealth's evidence over Deamer's incredible version of events that involved him ingesting the drugs in the shrubs after he parked his car in front

of the building. Accordingly, we find the trial court did not abuse its discretion in finding no relief due on this issue.

Second, as to the issue of trial counsel's ineffectiveness, while awaiting sentencing, Deamer filed a *pro se* motion alleging various claims of trial counsel ineffectiveness. At sentencing, however, the trial court informed Deamer that any such claims were premature. **See** N.T., 1/7/20, at 3-4. Under well-settled law, we agree with the trial court that any such claims must await collateral review. **See Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002) (explaining general rule that petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review).[7]

Third, and finally, the trial court committed no sentencing errors. First, we discern no arguable legality of sentencing claims, as none of Deamer's

---

[7] Our Supreme Court has recognized two very limited exceptions to the general rule in **Grant** about when trial courts may review ineffectiveness claims: (1) in extraordinary circumstances where claims of trial counsel's ineffectiveness are apparent from the record and immediate consideration best serves the interests of justice, or (2) where there is good cause shown and review of the claim is preceded by a waiver of the right to seek collateral review. **See Commonwealth v. Holmes**, 79 A.3d 562, 563-64 (Pa. 2013). Such claims may be raised on direct appeal only if: (1) the appellant raised his claims in a post-sentence motion; (2) an evidentiary hearing was held on the claims; and (3) a record devoted to the claims has been developed. **See Commonwealth v. Leverette**, 911 A.2d 998, 1004 (Pa. Super. 2006). As none of the circumstances outlined are applicable to this matter, this appeal is not proper to address any ineffective assistance of counsel claims.

respective sentences for DUI (third-degree felony),[8] Habitual Offenders (second-degree misdemeanor) or Open Lewdness (third-degree misdemeanor) exceeded the statutory maximums. *See* 18 Pa.C.S. § 1103(3) (seven year maximum for third-degree felonies); § 1104(2) (two years for second-degree misdemeanors); § 1104(3) (one year for third-degree misdemeanors).

Likewise, we discern no arguable challenges to the discretionary aspects of sentencing.

> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:
>
> > (1) Whether appellant has filed a timely notice of appeal;(2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentenced appealed from is not appropriate under the Sentencing Code.

***Commonwealth v. Lucky***, 229 A.3d 657, 663-64 (Pa. Super. 2020) (internal quotation marks omitted).

---

[8] Deamer's DUI was graded as a third-degree felony because he had more than three or more prior convictions for DUI. *See* 75 Pa.C.S. § 3803(a)(3) ("An individual who violates section 3802 and has three or more prior offenses … commits a felony of the third degree.").

First, though counsel filed a post-sentence motion, that motion did not include any challenge to the trial court's sentence. As a result, any such challenge on direct appeal would be waived. *See* Pa.R.Crim.P. 720; Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal"); *Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) ("issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived").

Second, even if preserved, there is no claim of arguable merit.[9] Despite a request for an aggravated sentence, the trial court gave Deamer a standard range sentence on each offense for which it imposed sentence, albeit consecutively. "[W]here a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the [s]entencing [c]ode." *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa.

---

[9] Our standard of review when deciding a sentencing claim is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing court, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion, which in this context, is not shown merely to be an error in judgment; rather the appellant must establish by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shull*, 148 A.3d 820, 832 (Pa. Super. 2016).

Super. 2010). Moreover, "imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court." **Commonwealth v. Zirkle**, 107 A.3d 127, 133 (Pa. Super. 2013) (citation omitted). This being the case, we find no abuse of discretion in the trial court imposed consecutive sentences.

Additionally, with the benefit of a PSI, the trial court put on the record its reasoning for its sentencing, including Deamer's sentences on prior DUIs.

> "Mr. Deamer, your – I just want to pull it up here – history of DUIs is unbelievable since 2012, 1, 2, 3, 4, this is – this is the 6 th one since 2012.
>
> And, as I said, it's a catch-22. I understand the aggravated range, why it's being asked for; but the other side of that I think there's case law out there that says, hey, that's taken into account in your prior record score, et cetera; but they're right, that is egregious. I note the last two you received state correctional institute sentence[s] for. The one before that in Perry County was a 1-to-5 year county sentence.
>
> With what you're looking at, with all the charges here today, DUI conviction – offender open lewdness, I don't feel county sentence is appropriate; I don't think it makes sense to digress in your sentences either."

N.T., 1/7/20, at 4-5.

We, thus, discern no claims of arguable merit challenging the discretionary aspects of sentencing.

After examining the issues contained in the **Anders** brief, we agree with counsel's assessment that this appeal is wholly frivolous. Additionally, our independent review of the record does not reveal any non-frivolous issues that may be brought on appeal.

Judgment of sentence affirmed.  Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 08/23/2021